THE STATE OF NEVADA, RESPONDENT, v. RALPH HOWARD ALSUP, APPELLANT.

No. 3641

January 23, 1951.                    226 P.2d 801.

46

*John Bonner,* of Las Vegas, for Appellant.

*Alan Bible,* Attorney General, *Robert McDonald,* Deputy Attorney General, *Robert E. Jones,* District Attorney, and *J. K. Houssels, Jr.,* Deputy District Attorney, both of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

Appellant was informed against by the district attorney of Clark County, Nevada, charged with the crime of assault with the intent to kill.

After the cause was set for trial appellant filed and served a motion for change of venue upon the ground

of prejudice existing against him in Clark County. The application was based upon numerous affidavits wherein divers individuals expressed the opinion that a fair and impartial trial would be not afforded appellant in Clark County. The motion was resisted and numerous counter affidavits submitted.

The lower court overruled the motion with express reservation, that it could be renewed if after an examination of prospective jurors it was disclosed that a fair and impartial jury could not be obtained to try the cause in Clark County.

This appeal challenges the validity of this ruling.

Insisting that no authority exists for an appeal to this court from an order denying the application for a change of place of trial, respondent urges a motion to dismiss these proceedings. In support of the motion it is contended that section 8377, N.C.L.1929, must be construed as being applicable to civil proceedings only and that section 436 of the criminal practice act, N.C.L.1929, sec. 11084, provides for appeal in criminal cases from final judgments.

Section 8377, as amended, Statutes 1913, page 274, provides in part as follows: "This court may reverse, affirm, or modify the judgment or order appealed from as to any or all of the parties, and may, if necessary, order a new trial, and on a direct appeal from an order granting a motion to change the place of trial of an action, or refusing to change the place of trial, the court may affirm or reverse such order and order the trial to be had in the proper place. An order changing or refusing to change the place of trial *shall not be appealed from on an appeal from a judgment,* but only on direct appeal from the order changing or refusing to change the place of trial. * * *" (Italics supplied.)

Section 8375 provides: "The supreme court shall have jurisdiction to review upon appeal * * * second, * * * *an order* granting or refusing to change the place of trial of an action * * *."

These two sections with numerous other provisions

form part of the statutes enacted in 1865, with the following title: "An Act concerning the Courts of Justice of the State and Judicial Officers."

Since the enactment of this statute in 1865 but few amendments have been adopted. A reading of the several sections makes abundantly clear a legislative intent to provide a complete system of courts, court officials, court procedure and jurisdiction, including appellate proceedings. Civil and criminal subject matters are within its enactments.

To limit sections 8375 and 8377, supra, to civil actions would do violence to the expressed intent of the act and ignore the plain provisions of the law. It is earnestly insisted that to sustain an appeal from the order would result in undue delay and confusion. It would in effect limit appeals of this character only by the ingenuity of counsel in devising new grounds for the motion.

This contention is not without considerable merit. However, it presents a subject matter for consideration by the legislature and tenders no aid in determining the question at issue. The motion to dismiss is denied.

In acting upon a showing made for a removal of place of trial in a criminal case the court is called upon to exercise a sound discretion. A showing that a great prejudice exists against defendant in the community is not alone sufficient. The fact that a number of individuals verify that, in their opinion, defendant cannot obtain a fair and impartial trial lacks convincing force. Opinions expressed by individuals either in support of or against the motion are not conclusive. Section 10913, N.C.L.1929, provides: "A criminal action prosecuted by indictment or information may be removed from the court in which it is pending, on application of the defendant or state, on the ground that a fair and impartial trial cannot be had in the county where the indictment or information is pending."

In ruling upon the matter the lower court stated: "I

think in fairness to both State and Defendant, the motion should be denied at this time, with the privilege to see how the reaction is when we examine the jury. * * * We should examine the panel Monday and see what their attitude is."

The lower court further stated that if it appears from such examination of the jury panel that a fair and impartial trial could not be had, appellant could renew the motion.

The lower court's ruling disclosed an accurate knowledge of the law applicable to a correct disposition of a motion of this character. It has long been established by decisions of this court that the proper procedure to determine the issue as to whether a defendant could have a fair and impartial trial in the county, is the result obtained from examination of the panel. This is the proper test to ascertain the ultimate fact. In this jurisdiction as early as 1867 this court, in the case of State v. Millain, 3 Nev. 409, stated: "The motion for a change of venue was only finally refused after the Judge had satisfied himself by examination that an impartial jury could be obtained." The case of State v. Gray, 19 Nev. 212, 8 P. 456, 457, presents a state of facts and a lower court ruling similar to the instant subject matter. In sustaining the procedure adopted this court stated: "Defendant applied for a change of venue on the ground of prejudice existing against him in the county where the indictment was pending which would prevent him from having a fair and impartial trial. The application was based upon affidavits tending to establish the fact alleged, and resisted by counteraffidavits. It is unnecessary to consider the contents of the affidavits. The district court overruled the motion for the time being, until it could be shown by an examination of a sufficient number of jurors that a fair and impartial jury could not be obtained. After examining 81 persons a jury was impaneled. The statute authorizing a change of venue in criminal cases provides that

before granting the order, the court shall be satisfied that the representations of the moving party are true. The question whether a fair and impartial jury could be obtained depended largely upon the opinions of witnesses. Opinions differed widely, and the court adopted a very satisfactory test to ascertain the fact. The practice pursued was approved in State v. Millain, 3 Nev. 433, and by the supreme court of California in People v. Plummer, 9 Cal. [298] 299, and in People v. Mahoney, 18 Cal. [180] 181."

Then again in the case of State v. Teeter, 65 Nev. 584, 611, 200 P.2d 657, 671, this court stated: "The trial court was correct, I believe, in declining to grant a change of venue until the practical test, that is, whether or not a fair and impartial jury could be had, was applied by the actual examination of the jurors on their voir dire. * * * The defendant had been, by the court, given the right to renew his motion for a change of venue after the determination of such test."

We have not overlooked the contention that not only was it impossible to obtain an impartial jury but that even an impartial jury, if obtained, would be subject to the influence of the strong feeling existing against appellant in the community. That this phase of the matter was likewise duly considered by the trial judge in denying the motion is evident from his keeping the "privilege" open till after the "reaction" should be determined. We think this was a proper exercise of his discretion.

For the reasons given, therefore, the order of the lower court overruling and denying appellant's motion for removal of said cause is approved.

BADT, C. J., concurs.

NOTE: MERRILL, J., having become a member of this court after the argument and submission of the case, did not participate in the foregoing opinion.

February 8, 1951.

BADT, C. J., and EATHER, J.:

Appellant having heretofore appealed to this court from an order denying change of venue, and this court having affirmed the order of the district court and appellant having filed herein his petition for rehearing upon the sole ground "that said district court erred in denying appellant's motion for change of venue," it is hereby ordered that said petition for rehearing be, and the same hereby is, denied.

MERRILL, J., did not participate.