[Civ. No. 17099.   First Dist., Div. Two.   Apr. 5, 1956.]

THE PEOPLE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; DON MILLER, Real Party in Interest.

Thomas C. Lynch, District Attorney, and Cecil F. Poole, Assistant District Attorney, for Petitioner.

Michael Riordan for Respondent and Real Party in Interest.

DOOLING, J.—This is an application by the People of the State of California for a writ of prohibition to restrain the superior court from proceeding with a new trial in a criminal action. The real party in interest, one Mitchell, was convicted by a jury· of robbery. The clerk, on November 29, 1955, entered in the minutes an order denying the defendant's motion for new trial. On December 7, 1955, the court on its own motion set this order denying motion for new trial aside and on January 10, 1956, made an order granting the motion for new trial. Respondent seeks to justify its order setting aside the order denying a new trial on the ground that such order was a clerical misprision. We need not examine the merits of this contention in

this proceeding, because we have concluded that under the rule of *Phelan* v. *Superior Court*, 35 Cal.2d 363 [217 P.2d 951], the People's remedy by appeal is plain, speedy and adequate and for that reason prohibition will not lie.

The People have a right of appeal from the order granting a new trial (Pen. Code, § 1238, subd. 3) and from the order setting aside the order denying the new trial (Pen. Code, § 1238, subd. 5).

Such an appeal would divest the trial court of jurisdiction to proceed with a second trial (*People* v. *Sonoqui*, 1 Cal.2d 364 [35 P.2d 123]) and therefore would accomplish everything that could be accomplished by prohibition.

In *Phelan* v. *Superior Court, supra,* 35 Cal.2d at page 370, the court said: "Where, however, as here, there is a right to an immediate review by appeal, that remedy is almost as speedy as a writ proceeding, under present practice, and should be considered adequate unless petitioner can show some special reason why it is rendered inadequate by the particular circumstance of his case." Petitioner has made no such showing here.

The alternative writ is discharged and the peremptory writ denied.

Kaufman, J., concurred.