GRAMBY ANDREW HANLEY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4683

May 4, 1964                                     391 P.2d 865

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, and *William E. Freedman,* Deputy District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

On this appeal we are asked to overrule a settled test relating to a motion to change the venue of a criminal trial. In State v. Alsup, 68 Nev. 45, 226 P.2d 801, we said: "It has long been established by decisions of this court that the proper procedure to determine the issue as to whether a defendant could have a fair and impartial trial in the county is the result obtained from examination of the panel. This is the proper test to ascertain the ultimate fact." Accord: State v. Millain, 3 Nev. 409; State v. Gray, 19 Nev. 212, 8 P. 456; State v. Teeter, 65 Nev. 584, 200 P.2d 657; State v. Fouquette, 67 Nev. 505, 221 P.2d 404. Here, Hanley (defendant-appellant) moved for a change of venue before the case came on for trial. The motion was grounded upon his affidavit which alleged that he could not receive a fair and impartial trial in Clark County because of five newspaper articles which (according to him) implied that he was guilty of the offense (burglary), and that he had illegally attempted to influence the jurors who had been summoned to try the case when it had been previously scheduled for trial. In denying the motion the court made it clear that such denial was without prejudice to Hanley's right to renew his motion "if, after voir dire examination of the jurors, it was shown that the jurors

were influenced by the newspaper articles." Though the preferred procedure is to reserve ruling on a pretrial motion to change venue until the jury panel is subjected to examination,[1] the court cannot be said to have abused its discretion in denying the motion with leave to renew it after the panel had been examined. It is manifest that the court's action did not cause Hanley prejudice.

In seeking to overturn the denial of his motion, Hanley suggests that the news articles were, and now are, inherently prejudicial to his right to a fair trial. We find it unnecessary to republish the articles in this opinion. Their effect, if any, upon the jurors to be selected cannot be ascertained before voir dire examination. At least, this is the necessary conclusion to be drawn from the cases cited above and NRS 175.115. That statute provides that "no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon * * * statements in public press * * * provided it appears to the court, upon his declaration under oath or otherwise, that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matters submitted to him." See State v. Milosovich, 42 Nev. 263, 175 P. 139; State v. Williams, 28 Nev. 395, 82 P. 353. We conclude that Hanley's motion for a change of venue was prematurely made. Whether adverse publicity may fatally infect the fairness of a criminal trial is an issue to be presented to the trial

[1] NRS 2.110 provides in part: "* * * An order changing or refusing to change the place of trial shall not be appealed from on an appeal from a judgment, but only on direct appeal from the order changing or refusing to change the place of trial." In this case, had the court reserved ruling on the pretrial motion to change venue until the jury panel was subjected to examination, the possibility of two appeals (the present one and possibly another should the defendant renew his motion after voir dire examination and should such motion be denied) would have been precluded.

In the second Alsup case, State v. Alsup, 69 Nev. 121, 243 P.2d 256, the defendant did not appeal from the order denying his motion to change venue until after he was tried and convicted. Whether his delay in seeking review of the venue question contravened NRS 2.110 was not presented to the court for determination.

court by appropriate motion after voir dire examination of the jurors. Until that stage in the proceeding, a court is not in a position to determine whether there exists a substantial nexus between the adverse publicity and the ability to impanel a fair and impartial jury.

We do not intend to suggest that voir dire examination is the sole criterion, though indeed an important one. Cf. Rideau v. State of Louisiana, 373 U.S. 723, 83 S.Ct. 1417. We hold only that it is essential for the trial court to have before it the information revealed by voir dire before ruling on a motion to change venue. Our view of this matter makes it unnecessary to decide other points raised.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.