GRAMBY ANDREW HANLEY, Petitioner, *v.* HONORABLE DAVID ZENOFF, District Judge, Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, Respondent.

No. 4826

January 11, 1965         398 P.2d 241

*Babcock & Sutton,* of Las Vegas, for Petitioner.

*Edward G. Marshall,* District Attorney, and *Earl Gripentrog,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

In December 1962 pursuant to NRS 173.080 an information was filed in Clark County charging petitioner with first degree burglary in violation of NRS 205.060. Upon his arraignment petitioner entered a plea of not guilty to this charge.

In August 1963 petitioner moved for a change of venue upon the ground that he could not receive a fair and impartial trial in Clark County. Motion for change of venue was denied and this action of the respondent court was affirmed on appeal. Hanley v. State, 80 Nev. 248, 391 P.2d 865.

On June 24, 1964 the district attorney filed his affidavit in the proceedings below which states: "Since the date of such filing [of the information] I have learned that the testimony of the person or persons named in the Motion to Amend Information to which this affidavit supports is necessary and material to the prosecution of this criminal action. Such facts were unknown to me at the time of the filing of the information herein."

The motion to amend the information was granted, and on June 24, 1964 an amended information was filed

varying from the original information in the following respects: the names of additional witnesses were added, in describing the nature of the entry the word "wilfully" was deleted, and petitioner was charged with burglary in violation not of NRS 205.060, the burglary statute, but of NRS 200.040, the manslaughter statute.

Petitioner was never arraigned on the amended information and entered no plea thereto. When he appeared for trial by jury on the charge set forth in the amended information, he advised the court he had not been arraigned on the amended information, and he moved the court to permit an arraignment thereon. This request was denied, and the respondent court ordered petitioner to proceed to trial on the amended information without any plea having been entered thereto.

After the jury was selected, petitioner again moved for a change of venue upon the ground that a fair and impartial trial could not be had in Clark County. This motion was denied. Petitioner then moved the court for a stay of proceedings in order to appeal the denial of the motion for a change of venue. This motion also was denied. The day following petitioner filed a written application for removal of the place of trial. By written order this application was denied. From this written order of denial petitioner on October 15, 1964 filed an appeal to this court which is now pending.

On October 26, 1964, pursuant to petitions therefor, this court arrested the proceedings in the court below, and also by writ of certiorari directed respondent court to certify and return to this court a full and complete transcript of its records and proceedings in this matter.

When an information is filed the defendant must be arraigned thereon. NRS 174.010. The arraignment is made in part by reading the information to the defendant, delivering him a copy thereof, and asking him whether he pleads guilty or not guilty thereto.[1] NRS 174.130. If defendant requires it, he must be allowed a reasonable time, not less than one day, to answer the information, and in answer thereto he may move to set it aside, demur, or enter a plea. NRS 174.150. One of

---

[1]Other pleas allowable to an information are specified in NRS 174.320.

the grounds for demurrer is that more than one offense is charged. NRS 174.230 (3). After his plea, the defendant is entitled to at least two days to prepare for his trial. NRS 174.530.

When an amended information is filed which changes materially the information to which the defendant has entered a plea, he must be arraigned on such amended information to provide him with the rights guaranteed by NRS 174.130 and NRS 174.150, and the right afforded him by NRS 174.530 after his plea thereto.

While the insertion of the names of additional witnesses would not require a new arraignment to the information as so amended, NRS 173.080 (2), we hold that the amended information by deleting the word "wilfully" in describing the nature of the entry and by containing a charge of manslaughter in addition to the allegations of the particular facts constituting first degree burglary, materially changed the original information, and the petitioner should not be put on trial without being arraigned again. 14 Am.Jur., Criminal Law § 253 (1938).

We wish to add furthermore, without intending to weaken the foregoing, that an information cannot be amended so as to charge an offense not shown by the evidence taken at the preliminary examination. NRS 173.100 (3). Whether or not evidence of manslaughter was taken at the preliminary hearing does not appear from the record before us. If in fact it was not, petitioner has never been afforded the right to object to the amended information on this ground.

The action of respondent court in ordering petitioner to proceed to trial on the amended information without a plea having been entered thereto is annulled.

The petition for writ of prohibition presents an independent question.

After the denial of petitioner's application for removal of the place of trial, petitioner filed his notice of appeal from such denial. The issues presented thereby are

whether in a criminal action an appeal lies from an order denying a motion for change of venue and, if so, does the trial court, upon the filing of the notice of appeal thereupon, lose jurisdiction to proceed with the trial pending the determination of the appeal?

The first of these issues is determined by NRS 2.110 as construed by State v. Alsup, 68 Nev. 45, 226 P.2d 801, which settles the law in this state that an order denying an application for a change of venue is appealable.

The second issue is not as easily disposed of.

After jurisdiction has been vested in an appellate court by the taking of an appeal the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court. State v. Jackson, 228 Or. 371, 365 P.2d 294; State v. Superior Court, 86 Ariz. 231, 344 P.2d 736; People v. Superior Court, 140 Cal.App.2d 510, 295 P.2d 464. This rule however has no application to the situation where an appeal not authorized by statute is taken. State v. Haynes, 232 Or. 330, 375 P.2d 550. Also, as a second exception, it does not apply to divest a trial court of jurisdiction to proceed in matters not involved in the appeal. 4 Am.Jur.2d, Appeal and Error § 357 (1962). In our opinion the present case falls within the second exception.

The matter involved in the actual trial of a criminal action is the guilt or innocence of the defendant. If that issue is determined adversely to the defendant because he did not have a fair and impartial jury trial, his conviction resulting from such determination would be voided by a favorable determination of his appeal from the denial of his motion for change of venue, which appeal is concerned only with the question whether defendant can have a fair trial in Clark County.

As a result of our conclusion on this issue the fact that a defendant in some instances will be subjected to an unnecessary trial is not persuasive. Such is the case in those jurisdictions, as in California, where no appeal

lies from an order denying a change of venue, and where the error, if any, can be raised only on an appeal from the judgment of conviction.

If we were to hold otherwise a defendant would be able to prevent his case from ever coming to trial.

In the present case, for instance, a jury was selected on October 14, 1964. The application for change of the place of trial has required the panel to be excused from that date until not only this prohibition proceeding has been concluded but also until our determination of the appeal from the order denying the change of venue. By the time all of these matters are concluded it is probable that one or more of the selected jurors will not be available for the trial. In such event the parties would be required to complete the panel. One or more substitute jurors would have to be selected. After such selection, defendant could then apply for a change of the place of trial, and upon a denial of such application, he could appeal therefrom. His appeal from such denial again would stay the trial. This could go on without end. We will not credit the legislature in its enactment of NRS 2.110 with an intent to create the unhealthy situation which would result in depriving a trial court of jurisdiction to proceed with the trial after such an interlocutory appeal.

It is ordered that the alternative writ of prohibition heretofore issued herein be vacated and that the petition for writ of prohibition be dismissed.

THOMPSON and BADT, JJ., concur.