MOREY KAPLAN, ALSO KNOWN AS HAROLD HARTZ, JR., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12590

October 29, 1980                    618 P.2d 354

GUNDERSON, J., dissented.

*Johnson, Belaustegui & Robison,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R.X. Dunlap,* District Attorney, and *Edwin T. Basl,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

Morey Kaplan appeals from the district court's order denying his motion for change of venue of his trial from Washoe County. Kaplan was charged in an indictment with the murder of Peggy Jean Davis. After a jury trial in 1979 Kaplan was found guilty. However, because of certain prejudicial statements made by the special prosecutor concerning Kaplan's prior criminal record which were published by the media, Kaplan was granted a new trial.

After the date for his second trial was set, Kaplan moved for a change of venue from Washoe County. Following selection of the jury the motion was argued and denied. This appeal followed.

Kaplan contends the district judge erred in denying his motion for change of venue because a fair trial cannot be had in Washoe County in view of the "influence of the pervasive

publicity'' surrounding the murder of Peggy Davis, Kaplan's alleged involvement in the crime, his conviction following the first trial, and his prior criminal record. To support this contention Kaplan argues that of the twelve jurors selected for his second trial, eight have been exposed to publicity concerning the case, four are aware of his first trial and conviction, three know of his prior criminal record, and four have already formed opinions that Kaplan is guilty of the crime.

A defendant is entitled to have a panel of impartial jurors. Murphy v. Florida, 421 U.S. 794 (1975). However, a qualified juror need not be totally ignorant of the facts and issues involved.

> "To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.''

*Id.* at 800, *quoting* Irvin v. Dowd, 366 U.S. 717, 723 (1961).

Under certain circumstances, as the Court noted in Murphy v. Florida, *supra,* prejudice will be presumed, *i.e.,* where the influence of the news media is so outrageous that it pervades the proceedings and utterly corrupts the trial atmosphere. *See, e.g.,* Sheppard v. Maxwell, 384 U.S. 333 (1966); Estes v. Texas, 381 U.S. 532 (1965); Rideau v. Louisiana, 373 U.S. 723 (1963); Irvin v. Dowd, *supra.*

Here, Kaplan does not argue that the content of the news concerning this case was so biased or inflammatory as to utterly corrupt the proceedings, and thus we will not presume that juror exposure to information about Kaplan's prior conviction or to news accounts of the crime with which he is charged alone deprives him of due process. Murphy v. Florida, *supra.* Kaplan's contention that he cannot receive a fair trial in Washoe County is based on the assertion that publicity in the community was so extensive that most of the present jurors have some knowledge of the case and some have already formed opinions that Kaplan is guilty.

We do not agree with Kaplan's argument that he cannot receive a fair trial in Washoe County. The portions of the *voir dire* transcript to which we have been directed as support for

Kaplan's contention do not establish that the "setting of the trial [is] inherently prejudicial or that the jury-selection process of which he complains permits an inference of acutal prejudice." Murphy v. Florida, 421 U.S. at 803. *See also* Dobbert v. Florida, 432 U.S. 282 (1977). Each of the jurors was extensively examined, and all of them, including the four who allegedly have formed opinions that Kaplan is guilty, have assured the court that they can render a fair verdict based on the evidence presented in court.

Under these circumstances, we believe the district judge did not abuse his discretion in denying Kaplan's motion for a change of venue. Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977).

Affirmed.

THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

GUNDERSON, J., dissenting:

I respectfully dissent.

My respected colleagues hold appellant has failed to demonstrate that pretrial publicity adversely affected his prospects for a fair trial in Washoe County, because all the jurors assertedly felt able to render a fair verdict.

I suggest such conclusory statements do not offset realities about those jurors, who were seated after the district judge ruled upon all challenges for cause, and after appellant had exercised his. peremptory challenges. As my brethren note, eight of the jurors thus seated acknowledged they had been exposed to publicity on appellant's case; four knew another jury had previously found him guilty; three knew his prior criminal record; four had already formed the opinion that he was guilty.

With all respect, I submit that when a change of venue could palliate the prospect of prejudice, a trial before such a jury does not comport with contemporary standards of due process. Irvin v. Dowd, 366 U.S. 717, 722 and 728 (1966). I believe a change of venue should have been granted.