SICOR, INC., A DELAWARE CORPORATION; TEVA PARENTERAL MEDICINES, INC., FORMERLY KNOWN AS SICOR PHARMACEUTICALS, INC., A DELAWARE CORPORATION; BAXTER HEALTHCARE CORPORATION, A DELAWARE CORPORATION; AND McKESSON MEDICAL-SURGICAL, INC., APPELLANTS, *v.* RICHARD C. SACKS, INDIVIDUALLY; ANNE M. ARNOLD AND JAMES L. ARNOLD, INDIVIDUALLY AND AS HUSBAND AND WIFE; AND ANTHONY V. DeVITO AND DONNA JEAN DeVITO, INDIVIDUALLY AND AS HUSBAND AND WIFE, RESPONDENTS.

No. 58887

December 15, 2011                    266 P.3d 618

*Lewis & Roca LLP* and *Daniel F. Polsenberg* and *Joel D. Henriod*, Las Vegas; *Greenberg Traurig, LLP*, and *Philip M. Hymanson* and *Eric W. Swanis*, Las Vegas, for Appellants.

*Kemp, Jones & Coulthard* and *Will Kemp*, Las Vegas; *Mainor Eglet* and *Robert Eglet* and *Robert Adams*, Las Vegas, for Respondents.

Before SAITTA, C.J., GIBBONS and HARDESTY, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider the propriety of a district court order deferring a final ruling on a change of venue motion based on adverse pretrial publicity until after jury selection began and whether such an order is appealable. We conclude that such an order does not finally decide the motion and thus dismiss this appeal. When a change of venue motion is based on adverse pretrial publicity, the district court's discretion under NRS 13.050(2) to change venue includes the authority to conduct a more probing

evaluation of the prospective jury panel before the district court decides whether there is reason to believe that an impartial trial cannot be had in the judicial district. Courts in other jurisdictions and our criminal venue jurisprudence approve the trial court's use of juror questionnaires and a thorough voir dire to seat impartial juries in high-profile civil and criminal cases before deciding venue motions based on adverse pretrial publicity. Therefore, we conclude that a district court's decision to defer a final ruling on a motion to change venue until after such efforts have been attempted should not be treated as a denial of the motion.

Because the district court in the present case permissibly deferred its ruling on the motion to change venue, we conclude that the challenged order is not appealable until the district court finally resolves the motion to change venue, following an attempt to seat an impartial jury.[1]

## FACTS AND PROCEDURAL BACKGROUND

Appellants are manufacturers of an anesthetic drug, Propofol, which was used in certain medical procedures by nonparties, the Endoscopy Center of Southern Nevada and the Gastroenterology Center of Nevada. In 2008, the Southern Nevada Health District issued letters to approximately 60,000 patients of these centers, warning patients that they might have been exposed to blood-borne infections, including hepatitis B, hepatitis C, and HIV. These events have resulted in criminal investigations, bankruptcy proceedings by the two endoscopy centers and their principal, Dipak Desai, and the filing of approximately 200 civil actions in Clark County against various parties, including appellants.[2] Numerous stories about these subjects have been published by various Clark County newspapers, television stations, radio broadcasts, and Internet sites.

About one month before trial, appellants filed a motion to change venue from Clark County to Washoe County based on the adverse pretrial publicity accorded to the happenings at the two endoscopy centers. Appellants characterized the pretrial publicity as pervasive and prejudicial to their right to a fair trial. Appellants further contended that a significant proportion of the Las Vegas population were directly or indirectly affected by the events at the centers either because they had been patients of the centers them-

---

[1]This case was considered on an emergency basis because of the impending trial date. We issued a summary order dismissing the appeal as premature so that trial could proceed as scheduled. This opinion sets forth the full reasoning for our original disposition.

[2]The other defendants have either settled or were otherwise dismissed. At the time this appeal was docketed, trial was scheduled to go forward only as to appellants.

selves or had friends, family members, or coworkers who had been patients. In support of their contentions, appellants provided two surveys of the Las Vegas populace and copies of the numerous stories that had been published or broadcast about the matter.

Respondents opposed the motion, arguing that an impartial jury could be found through the proper use of jury questionnaires and a thorough voir dire of the prospective jurors. They also pointed out that Clark County's population was five times greater than that of Washoe County, which would provide access to a much larger jury pool. Finally, they maintained that 500 jury questionnaires had been sent out, and until the responses, together with voir dire, demonstrated that an impartial jury could not be had in Clark County, any venue change was premature.

The district court, after considering the parties' filings and reviewing approximately 100 of the completed jury questionnaires, concluded that a change in venue was not warranted at that time. The court noted that many of the potential jurors reported in their answers to the questionnaires that they had little or no familiarity with the events that formed the basis for the action, and even more prospective jurors stated that they had no opinions about the matter. The district court denied the motion for the moment, without prejudice to further consideration if, after voir dire, a fair jury could not be seated. This appeal followed.

In our summary order dismissing this appeal, we noted that the appeal was premature, as the district court had not issued a final ruling on the change of venue motion. Rather, the district court expressly withheld its final decision until after jury selection had been concluded, stating that it would revisit the issue if an impartial jury could not be seated. In this opinion, we address whether a district court's deferral of a ruling on a motion to change venue should be construed as a final decision in light of NRAP 3A(b)(6)'s language. If not, the appeal is premature and the district court's order is not appealable under NRAP 3A(b)(6).

## DISCUSSION

By statute, the district court may change the place of a civil trial on motion of a party "[w]hen there is reason to believe that an impartial trial cannot be had" in the county designated in the complaint. NRS 13.050(2)(b). Although appellate review is generally appropriate at the conclusion of a district court case, to promote judicial efficiency, *Reno Hilton Resort Corp. v. Verderber*, 121 Nev. 1, 5, 106 P.3d 134, 136-37 (2005), other types of orders have been designated by the Legislature and this court as independently appealable, before entry of a final judgment. *See, e.g.*, NRS 155.190 (listing appealable probate orders); NRAP 3A(b)(2)-(10) (listing appealable orders). One such exception permits a party to

appeal from a district court order granting or denying a motion to change the place of trial. NRAP 3A(b)(6).

Even for appealable interlocutory orders, however, we have consistently required that, for an appeal to be proper, the order must finally resolve the particular issue. For example, while a preliminary injunction is appealable under NRAP 3A(b)(3), a temporary restraining order, which is necessarily of limited duration pending further proceedings on the injunction request, is not. *Sugarman Co. v. Morse Bros.*, 50 Nev. 191, 255 P. 1010 (1927). Similarly, NRAP 3A(b)(7) permits an appeal from a district court order that "finally establishes or alters" child custody, but we routinely dismiss appeals from interim custody orders that contemplate further district court proceedings before entry of a final custody order. *See, e.g., In re Temporary Custody of Five Minors*, 105 Nev. 441, 777 P.2d 901 (1989).

An order that expressly reserves a final ruling to a later time would usually not raise any question as to its interim nature. Our rule governing venue appeals, however, could be interpreted to require a different conclusion. NRAP 3A(b)(6) provides that, in civil cases, an order granting or denying a change of venue is immediately appealable. Moreover, the rule prohibits an aggrieved party from raising a venue issue on appeal from the final judgment, NRAP 3A(b)(6)(A), despite the general rule that interlocutory orders may be challenged on appeal from the final judgment. *Consolidated Generator v. Cummins Engine*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

In other contexts, we have construed a district court's silence or refusal to rule as denial of the relief sought. *Bd. of Gallery of History v. Datecs Corp.*, 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000) (noting that the district court's failure to rule on a request for attorney fees constitutes a denial of the request); *Weiler v. Ross*, 80 Nev. 380, 382, 395 P.2d 323, 324 (1964) (noting that the effect of a district court's refusal to rule upon a motion to amend the complaint was to deny the motion). Given that NRAP 3A(b)(6) requires an immediate appeal, it clearly contemplates appellate review before trial commences and the jury begins to hear the case. In such circumstances, it could be appropriate to treat a district court's deferral of its ruling on a venue motion as a denial. But the rule also provides for an expedited review and a mandatory stay, which indicates that until a jury is selected and trial actually commences, an immediate appeal remains feasible. NRAP 3A(b)(6). We have not previously considered this issue. Thus, to determine which interpretation best furthers the rule's scheme and is supported by reason and public policy considerations, *Salas v. Allstate Rent-A-Car, Inc.*, 116 Nev. 1165, 1168, 14 P.3d 511, 514 (2000); *Weddell v. Stewart*, 127 Nev. 645, 651, 261 P.3d 1080, 1084

(2011) (stating that rules of statutory construction apply to court rules), we consider civil practice in other jurisdictions, as well as Nevada's criminal practice.

Most courts determine whether a change of venue is appropriate only after jury selection efforts have been made. *See, e.g., People v. Hamilton*, 774 P.2d 730, 737 (Cal. 1989); *Gonzalez v. State*, 222 S.W.3d 446, 448 (Tex. Crim. App. 2007); *Unger v. Cauchon*, 73 P.3d 1005, 1007-08 (Wash. Ct. App. 2003); *Central Auto Co. v. Reichert*, 273 N.W.2d 360, 363 (Wis. Ct. App. 1978). Only rarely will the pertinent factors so overwhelmingly weigh in favor of a venue change that granting it before jury selection is attempted is appropriate. *See, e.g., Jerry Harmon Motors v. First Nat. Bank*, 440 N.W.2d 704 (N.D. 1989) (affirming pretrial change of venue when evidence was presented that significant proportion of small community either had deposits or loans with the bank who was a party or had purchased or repaired an automobile at the car dealer who was the other party). Generally, courts have concluded that more accurate information will be obtained by attempting to impanel a jury. *Corbetta Const. Co., Etc. v. Lake Cty. Public Bldg.*, 381 N.E.2d 758, 768 (Ill. App. Ct. 1978) (affirming denial of venue change when trial court excused for cause potential jurors affected by the publicity and movant did not exhaust its peremptory challenges); *Burns v. Prudential Securities, Inc.*, 857 N.E.2d 621, 641-42 (Ohio Ct. App. 2006) (holding that venue change was properly denied when trial court allowed extensive voir dire and all but one of the prospective jurors who recalled reading the relevant news articles was excused for cause and the last was not challenged for cause by movant); *Little v. Kobos by and through Kobos*, 877 P.2d 752, 757-58 (Wyo. 1994) (affirming trial court's actions in denying a venue change pretrial, without prejudice to a renewed motion, and then, following return of jury questionnaires, concluding that a fair trial could not be had and at that time granting a change in venue).

Indeed, in Nevada, such an effort is required in criminal cases. In *State v. Alsup*, 68 Nev. 45, 226 P.2d 801 (1951), this court adopted the rule that an attempt must be made to impanel an impartial jury in a criminal case before considering a change of venue based on the contention that a fair and impartial trial cannot be had in the county where the action is pending. Eighteen years later, in 1969, the Legislature codified our holding in *Alsup*, when it amended NRS 174.455, 1969 Nev. Stat., ch. 222, § 1, at 378, which prohibits a court from granting a motion to change venue in a criminal action on such grounds until after voir dire has been conducted "and it is apparent to the court that the selection of a fair and impartial jury cannot be had in the county" where the action is pending. NRS 174.455(2). In civil cases, the district court "may, on motion, change the place of [a civil] trial . . . [w]hen there is reason to believe that an impartial trial cannot be had

therein.'' NRS 13.050(2); *see also Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 113 Nev. 610, 612-13, 939 P.2d 1049, 1051 (1997) (considering an interlocutory appeal from a district court order denying a change of venue before trial had begun and discussing when pretrial publicity may have a prejudicial effect sufficient to warrant a change of venue). Although the difference between the timing of appellate review in civil versus criminal cases is relevant, it is significant that the standard for changing the place of trial—that an impartial jury cannot be had in the county—is the same.

Last year's opinion by the United States Supreme Court in *Skilling v. United States*, 561 U.S. 358 (2010), is particularly illustrative of why jury selection efforts are appropriate before granting a venue change based on pretrial publicity. There, Jeffrey Skilling, a former officer of Enron Corporation, was criminally charged with several counts of financial misconduct in Houston, Texas, where Enron was headquartered. *Id.* at 367. The Supreme Court affirmed the decision to deny a change of venue based on pretrial publicity. *Id.* The Court began its discussion by noting the sources of Skilling's right, as a criminal defendant, to a fair trial: the Sixth Amendment's guarantee of a trial before an impartial jury and the Due Process Clause's '' 'basic requirement' '' of a fair trial. *Id.* at 377-78 (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). In rejecting Skilling's argument that prejudice should be presumed in light of the publicity's magnitude, the Court commented that ''juror *impartiality*, we have reiterated, does not require *ignorance*.'' *Id.* at 381; *see also Kaplan v. State*, 96 Nev. 798, 800, 618 P.2d 354, 355-56 (1980). The size of the community was also deemed relevant; there, Houston was the state's largest metropolitan area and the fourth largest in the nation. *Skilling*, 561 U.S. at 382. Juror questionnaires and voir dire examination, the Court concluded, were ''well suited'' to the task of carefully identifying prospective jurors' connection with Enron. *Id.* at 384. The Court therefore held that an impartial jury had been impaneled. *Id.* at 395.

In this civil action, appellants' right to a ''fair trial in a fair tribunal'' is likewise protected by the Due Process Clause. *Murchison*, 349 U.S. at 136. Las Vegas is the largest metropolitan area in Nevada, and Clark County is the most populous county, with a correspondingly large jury pool. Jury questionnaires had already been distributed and returned by the time the district court conducted its preliminary review of appellants' motion and were in fact relied upon by the district court, and the record indicates that extensive voir dire was contemplated. Appellants retained the right to file an immediate appeal following the district court's final decision following jury selection efforts, according to the expedited procedures set forth in NRAP 3A(b)(6). We therefore conclude that

the rule's purpose is in no way impaired by the district court's deferral, and its action comports with reason and public policy, in that information regarding juror bias that may have been caused by pretrial publicity is relevant to the district court's consideration of the motion. *Tarkanian*, 113 Nev. at 612, 939 P.2d at 1051 (listing factors to consider in civil venue decisions); *see also Gonzalez v. State*, 222 S.W.3d 446, 448 (Tex. Crim. App. 2007) (listing, among other factors, "the candor and veracity of prospective jurors during voir dire"); *Unger v. Cauchon*, 73 P.3d 1005, 1007-08 (Wash. Ct. App. 2003) (considering, among other factors, "the care exercised and the difficulty encountered in the selection of the jury"; "the familiarity of the prospective or trial jurors with the publicity and the resultant effect upon them"; and "the challenges exercised by the defendant in selecting the jury, both peremptory and for cause"); *Central Auto Co. v. Reichert*, 273 N.W.2d 360, 363 (Wis. Ct. App. 1978) (including, among other factors, "the degree of care exercised, and the amount of difficulty encountered, in selecting the jury"; "the extent to which the jurors were familiar with the publicity"; and "the defendant's utilization of challenges, both peremptory and for cause, available to him on voir dire"). Accordingly, we decline to equate the district court's deferral of its final decision on appellants' motion to change venue with a denial of that motion.

Consequently, the district court's order is not a final order disposing of the motion to change venue. Specifically, the district court indicated that while appellants had provided "a mountain of evidence regarding pretrial publicity," the court would reserve judgment on the issue until after jury selection had begun. Appellants' motion for a change of venue was denied without prejudice, and the district court deferred a final ruling until after an attempt had been made to impanel an impartial jury. In this context, the challenged order does not finally resolve the issues presented and contemplates further action. Until that final ruling is entered, any appeal to this court is premature.

## CONCLUSION

The district court's decision to await the results of voir dire and jury selection to finally decide whether pretrial publicity warranted a change of venue was consistent with the great weight of authority, common sense, and NRAP 3A(b)(6)'s appellate scheme. Therefore, since it did not finally rule on the motion, pending further proceedings in the case, the matter is not ripe for appeal. Accordingly, as this appeal was premature, it is properly dismissed.

SAITTA, C.J., and GIBBONS, J., concur.