# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LANCE GILMAN, AN INDIVIDUAL, Appellant, vs. SAM TOLL, AN INDIVIDUAL, Respondent. | No. 81583 ✓ |
| LANCE GILMAN, Appellant, vs. SAM TOLL, Respondent. | No. 81726 |
| LANCE GILMAN, Appellant, vs. SAM TOLL, Respondent. | No. 81874 |

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

Docket No. 81583 is an appeal from an order granting a special motion to dismiss under NRS 41.670. The order expressly directs appellant to show cause why statutory damages pursuant to NRS 41.670(1)(b) should not be awarded. Because it appeared that Docket No. 81583 is not a final, appealable order, this court directed appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. Appellant has responded and contends that the order should be considered final for purposes of appeal under NRS 41.670 because it resolves the substantive claims at issue between the parties. Appellant contends that the court's direction to file briefs regarding statutory damages is merely addressed to postjudgment matters such as attorney fees and costs. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426-27, 996 P.2d 416, 417-18 (2000) (noting that a final judgment is "one that disposes of all issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment

20-45485

issues such as attorney's fees and costs"). Respondent has filed a reply and argues that statutory damages are part of the judgment, not a postjudgment matter.

As noted in the order to show cause, this court has held that "[e]ven for appealable interlocutory orders, . . . , we have consistently required that, for an appeal to be proper, the order must finally resolve the particular issue." *Sicor, Inc. v. Sacks*, 127 Nev. 896, 900, 266 P.3d 618, 620 (2011). This court concludes that the final, appealable order is the order entered July 29, 2020, awarding the statutory damages as a remedy for the special motion to dismiss. The limited order granting the special motion to dismiss may be challenged as an interlocutory order within the appeal from the order awarding damages. *See, e.g., Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998). The appeal in Docket No. 81583 is dismissed.

The briefing schedule is reinstated as follows. Appellant shall have 14 days from the date of this order to file and serve the transcript request form or certificate of no transcript request in Docket Nos. 81726 and 81874. NRAP 9(a). Appellant shall have 60 days from the date of this order to file and serve a single opening brief and an appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

 

cc: Flangas Dalacas Law Group, Inc.
John L. Marshall
Luke A. Busby

SUPREME COURT
OF
NEVADA

(O) 1947A