IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MURRAY; AND MICHAEL RENO, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
Appellants,
vs.
A CAB TAXI SERVICE LLC; A CAB, LLC; AND CREIGHTON J. NADY,
Respondents.

No. 82539

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court post-judgment order denying a motion to appoint a receiver in a class action. Eighth Judicial District Court, Clark County; Carli Lynn Kierny, Judge.[1]

Appellants are taxi drivers who secured a judgment against their former employer, respondent A Cab, LLC, for failing to pay them minimum wage. *See A Cab, LLC v. Murray*, 137 Nev., Adv. Op. 84, __ P.3d __ (2021). When appellants encountered difficulties satisfying the judgment, they moved the district court to appoint a post-judgment receiver. The district court denied appellants' first motion without prejudice and instead appointed a special master to submit a report as to whether appointing a receiver was feasible. The district court later ordered the special master to prepare a second report based on respondents' updated financials, but the special master passed away before completing this task or otherwise advising the district court. Appellants then renewed their

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

request for a receiver,[2] while also seeking alternative relief to help secure their rights as judgment creditors. The district court denied the motion, finding that it was untimely and improper under various local rules because appellants' request for a receiver had already been denied several times.

As a preliminary matter, we first address respondents' contention that this court lacks jurisdiction over this appeal. Although the district court construed appellants' motion as one for reconsideration, its order also explicitly denied appellants' request to appoint a receiver. Accordingly, this court has jurisdiction pursuant to NRAP 3A(b)(4), which provides for an appeal from an order "refusing to appoint a receiver."

Appellants argue that the district court abused its discretion in denying their motion by misconstruing it as a motion for reconsideration. *See Bowler v. Leonard*, 70 Nev. 370, 383, 269 P.2d 833, 839 (1954) (providing that the decision to appoint a receiver is within the discretion of the district court). We agree. The district court's finding that appellants' motion had already been brought and denied several times was clearly erroneous.[3] *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (explaining that this court will uphold the district court's factual findings unless clearly erroneous or not supported by substantial evidence). Our review of the record reveals that appellants moved for the appointment of a receiver twice before their present request. The first time, the district court denied the

_____

[2]At this time, a different judge had been assigned to preside over the case.

[3]Notably, the district court's finding that appellants' prior request for a receiver had been denied squarely conflicts with this court's prior order concluding that the district court had *not* denied appellants' request. *See Murray v. A Cab Taxi Serv. LLC*, No. 81641, 2020 WL 6585946, at *2 (Nev. Nov. 9, 2020) (Order Dismissing Appeal).

request without prejudice and sent the issue to a special master. Thus, the motion was not resolved at that time and appellants could renew their request at a later date. *See Sicor, Inc. v. Sacks*, 127 Nev. 896, 903, 266 P.3d 618, 623 (2011) (holding that a district court order denying a motion without prejudice "[did] not fully resolve the issues presented and contemplate[d] further action"). And the second time, in addition to the district court asking a special master to consider the issue, we concluded that the district court "neither granted nor denied [appellants'] request to appoint a receiver" when dismissing appellants' appeal from that second order. *Murray v. A Cab Taxi Service LLC*, No. 81641, 2020 WL 6585946, at *2 (Nev. Nov. 9, 2020) (Order Dismissing Appeal). Indeed, in both instances, the district court indicated that it would consider appointing a receiver but wanted guidance from a special master before making a final decision. And in both instances the district court did not receive the guidance it sought or enter a final order denying appellants' request. Thus appellants' request remained pending at the time they brought the motion underlying this appeal. Because appellants' request for a receiver was still pending, we conclude that the district court abused its discretion when it declined to consider the merits of appellants' motion.[4] We therefore reverse the district

---

[4]Although EDCR 7.12 generally prohibits re-filing a pending motion, district courts must balance this procedural rule with Nevada's policy of resolving cases on their merits. *See Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 308 (1993) ("[T]he district court must consider the state's underlying basic policy of deciding a case on the merits whenever possible.").

court's order and remand this case for the district court to consider appellants' request on the merits.[5]

It is so ORDERED.[6]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Hardesty                      Gibbons

cc:    Hon. Carli Lynn Kierny, District Judge
       Leon Greenberg Professional Corporation
       Hutchison & Steffen, LLC/Las Vegas
       Rodriguez Law Offices, P.C.
       Cory Reade Dows & Shafer
       Eighth District Court Clerk

---

[5]Because reversal and remand is warranted for the district court to consider the merits of appellants' request, we decline, at this time, to consider their arguments regarding the facts they claim support their request to appoint a receiver. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance.").

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.