*1408
 
 OPINION
 

 Per Curiam:
 

 On March 2, 1992, appellant Susan Grandgeorge (Susan), then Susan McMonigle, and respondent Robert McMonigle (Robert) were divorced. The district court ordered primary custody of their one child, Mari, to Susan.
 

 On March 17, 1993, Robert filed a motion to modify custody. The same day an ex parte restraining order gave him custody of Mari pending a hearing. On March 23, 1993, an initial hearing left the restraining order unchanged. In June, 1993, the district court gave Robert temporary custody. After a seven-day hearing which stretched from September 7 to October 6, 1993, the court awarded Robert permanent custody of Mari. Susan appealed.
 

 We now reverse the order changing custody because the district judge improperly based her decision in large part on irrelevant evidence.
 

 Once primary custody has been established, a court can consider changing custody only if “(1) the circumstances of the parents have been materially altered; and (2) the child’s welfare would be substantially enhanced by the change.” Murphy v. Murphy, 84 Nev. 710, 711, 447 P.2d 664, 665 (1968). “The moving party in a custody proceeding must show that circumstances . . . have substantially changed
 
 since
 
 the most recent custodial order. . . . Events that took place before that proceeding [are] inadmissible to establish a change of circumstances.” Stevens v. Stevens, 810 P.2d 1334, 1336 (Or. Ct. App. 1991) (citations omitted).
 

 The district court set forth the
 
 Murphy
 
 standard in its final order, but did not explicitly specify the circumstances it found altered. However, it is clear that some of the circumstances it considered were not appropriate under
 
 Murphy.
 

 During the long evidentiary hearing in this case, the district court received extensive testimony and numerous exhibits relating to the period before March 2, 1992, the date of the divorce judgment and thus the last custody order prior to Robert’s motion to modify custody. The court apparently realized this evidence was not relevant and stated in its final order that it had not addressed matters prior to the last custody order. Nevertheless, it expressly based its decision in large part on some of this evidence.
 

 First, and most important, the district court improperly considered Susan’s move to Kansas City and continued residence there. The court stated in its order that “any activities with respect to
 
 *1409
 
 [Susan] which occurred prior to [her] move to Kansas City were disregarded.” Thus, the court considered the move itself to be within its purview. However, Susan moved to Kansas City in November, 1991, before the final divorce judgment. In fact, that judgment noted that she had already moved and therefore ordered her to share Robert’s travel expenses for visitation. Accordingly, consideration of Susan’s relocation was improper under
 
 Murphy.
 

 Second, the district court found it improper that Susan did not provide Robert with “certain reports” concerning Mari. This finding apparently refers to reports generated in Santa Barbara in 1990, about which extensive testimony and argument were heard. Again, consideration of this evidence was improper under
 
 Murphy.
 

 It is harmless error if a court incorrectly admits evidence which does not affect the substantial rights of the parties. NRCP 61. Also, this court has held that “where inadmissible evidence has been received by the court, sitting without a jury, and there is other substantial evidence upon which the court based its findings, the court will be presumed to have disregarded the improper evidence.” Dep’t of Highways v. Campbell, 80 Nev. 23, 33, 388 P.2d 733, 738 (1964).
 

 Whether there was other substantial evidence in this case is arguable but need not be decided because the court below, instead of disregarding inadmissible evidence, expressly relied on it in reaching its decision. Susan’s substantial rights were adversely affected most notably by the court’s preoccupation throughout the proceedings with her living in Kansas City. In fact, the court would have allowed Susan to retain shared primary custody
 
 but for
 
 the fact she lived out of state. The court stated in its temporary order of June 28, 1993: “If [Susan] moves to Las Vegas, there could be shared primary physical custody.” In its final order it stated: “If both parents had resided in Clark County, Nevada, this decision would be an easy one. An award of joint legal and joint physical custody to both parents would permit a check and balance system to insure the needs of this magical child are met.”
 

 Since the district court considered Susan fit, absent the irrelevant fact that she lived outside Nevada, to share primary custody of Mari, we reverse and remand with instructions that primary custody be restored to Susan.