An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TROY THOMAS TERRILLION,
Appellant,
vs.
EMILY JANE BAARZ,
Respondent.

No. 66424

FILED

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a post-divorce decree district court order denying a motion to modify child custody. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

In the parties' 2007 divorce decree, respondent was granted primary physical custody of the children and permission to relocate to Utah, and appellant had visitation. In July 2014, appellant filed the underlying motion for primary physical custody of the parties' youngest child, who was the only remaining minor child. Appellant argued that the child had struggled in school since the parties' divorce, that respondent had interfered with his legal custody rights, that the child had never wavered in his desire to live with appellant, and that a recent evaluation of the child indicated that the custody arrangement was proving detrimental and that the child's wishes should be considered. Respondent filed an opposition to the motion. The district court denied the motion without an evidentiary hearing, and this appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11534

In denying appellant's motion, the district court concluded that appellant failed to set forth a prima facie case that there had been a substantial change in circumstances and that modifying the custody arrangement would serve the child's best interest. *See Ellis v. Carucci*, 123 Nev. 145, 150-51, 161 P.3d 239, 242-43 (2007) (setting forth the standard for modifying primary physical custody); *Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-25 (1993) (explaining what is required to make a prima facie case for custody modification, and that absent such a showing, an evidentiary hearing is not required). The district court determined that appellant's assertions regarding the child's preference and academic performance had been previously considered in conjunction with prior motions and that custody had not been modified. *See McMonigle v. McMonigle*, 110 Nev. 1407, 1408, 887 P.2d 742, 743 (1994) (providing that the moving party must demonstrate a substantial change of circumstances since the most recent custodial order). The district court acknowledged that a child's preference is one factor to be considered, but gave the child's preference marginal weight under the circumstances and history of this case. *See* NRS 125.480(4)(a) (providing that when determining the child's best interest the court shall consider the child's wishes "if the child is of sufficient age and capacity to form an intelligent preference as to his or her custody").

A child's preference is one of many factors for the court to consider in determining the child's best interest, *see* NRS 125.480(4), and matters of custody rest within the district court's sound discretion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996). Having considered the record on appeal and the parties' arguments, we

SUPREME COURT
OF
NEVADA

(O) 1947A

conclude that the district court did not abuse its discretion in denying appellant's motion without an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Alvin R. Kacin, District Judge
       Troy Thomas Terrillion
       Emily Jane Baarz
       Elko County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A