**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STEPHEN DONNELLY; GLOBAL PACIFIC CONSTRUCTION, INC., A NEVADA CORPORATION; AND GLOBAL ISLAND, INC., A NEVADA CORPORATION, Appellants, vs. MICHAEL JARMAN, Respondent. | No. 62887 |

**FILED**

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

This case arises from a dispute about the ownership of two companies: appellants Global Island, Inc. (GI) and Global Pacific Construction, Inc. (GPC). Believing that he was owed money for the purchase of his shares of GI and GPC, respondent Michael Jarman sued GI, GPC, and the companies' majority owner, appellant Stephen Donnelly.

The district court held a two-day bench trial on the issue of liability. It then issued a written order finding that Jarman was entitled to an accounting of GI and GPC's assets, providing for the appointment of a receiver, and reserving an evaluation of damages.

The district court appointed a receiver (the Receiver) to evaluate GI and GPC's finances and ordered that the Receiver "be paid first from any recovered proceeds." Subsequently, the district court conducted a three-day bench trial on the issue of damages, after which it entered a judgment in favor of Jarman and against Donnelly, GI, and GPC. Donnelly, GI, and GPC then filed a motion to amend the district

15-19320

court's findings of fact, conclusions of law, and judgment. When denying Donnelly, GI, and GPC's motion, the district court ordered that Jarman's complaint be amended to include a theory of alter ego liability.

Donnelly, GI, and GPC now appeal. While they submitted an appendix on appeal as required by NRAP 30(b)(3), Donnelly, GI, and GPC omitted "portions of the record [that are] essential to determination of issues raised in [their] appeal." NRAP 30(b)(3). These omissions include (1) the transcript of the two-day bench trial on the issue of liability; (2) Jarman's opposition to Donnelly, GI, and GPC's motion to amend the district court's findings of fact and conclusions of law and Donnelly, GI, and GPC's reply in support of this motion; and (3) the transcript of the hearing on Donnelly's motion to amend the district court's findings of fact and conclusions of law.

We consider four issues raised on appeal: (1) whether the district court abused its discretion by allowing the Receiver's attorney to participate in the trial, (2) whether the district court abused its discretion when providing for the Receiver's compensation, (3) whether the district court's oral statements made its subsequent written findings of fact insufficient, and (4) whether the district court abused its discretion in its consideration of evidence of the Receiver's alleged violation of NRS 78.670.[1]

---

[1]Donnelly, GI, and GPC raise several other issues on appeal: (1) whether the district court abused its discretion by sua sponte appointing a receiver, (2) whether the district court misapplied Nevada's business judgment rule, (3) whether the district court abused its discretion by sua sponte bifurcating the trial into liability and damages phases, and (4) whether the district court abused its discretion by sua sponte ordering that Jarman's complaint be amended to include an alter ego theory of

*continued on next page...*

*The district court abused its discretion by allowing the Receiver's attorney to examine witnesses, but this error was harmless*

Donnelly, GI, and GPC argue that the district court improperly allowed the Receiver's attorney to question witnesses during the trial on the issue of damages. Since whether the district court improperly allowed the Receiver's attorney to elicit testimony from witnesses concerns the admission of evidence, we review the district court's decision for an abuse of discretion. *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008).

Here, the district court allowed the Receiver's attorney to examine three witnesses because it found that the Receiver was a party to the lawsuit. "In general, a 'party' to litigation is one by or against whom a lawsuit is brought or one who becomes a party by intervention, substitution, or third-party practice." *Smith v. Bayer Corp.*, 564 U.S. ___, ___, 131 S. Ct. 2368, 2379 (2011) (citation omitted) (internal quotations omitted). Because the record does not suggest that the Receiver was a named plaintiff or defendant or that he was brought into the case by third-party practice, the district court abused its discretion by finding that the Receiver was a party.

---

*...continued*

liability. Donnelly, GI, and GPC preclude a meaningful review of these issues by failing to submit significant portions of the record relevant to them. Contrary to the dissent's conclusion that the lack of evidence in the record supporting the district court's imposition of alter ego liability shows that the district court erred, we must presume that missing portions of the record support the district court's order. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007). Therefore, we hold that these claims are without merit.

A district court's abuse of discretion does not warrant reversal, however, if the error is harmless. NRCP 61. To demonstrate that an error is not harmless, a party "must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached." *Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010). When "inadmissible evidence has been received by the [district] court, sitting without a jury, and there is other substantial evidence upon which the court based its findings, the [district] court will be presumed to have disregarded the improper evidence." *McMonigle v. McMonigle*, 110 Nev. 1407, 1409, 887 P.2d 742, 744 (1994) (internal quotations omitted).

Here, Donnelly, GI, and GPC did not show that the district court's abuse of discretion violated their substantial rights or that it could have reasonably altered the outcome of the trial. The Receiver's attorney examined the Receiver and cross-examined two of Donnelly's witnesses regarding issues that were tangential to the substantive issues in dispute. In its order awarding damages, the district court did not rely on the evidence developed during the Receiver's attorney's cross-examination. Thus, the district court's abuse of discretion was harmless error and does not warrant reversal.

*The district court did not abuse its discretion in providing for the Receiver's compensation*

Donnelly, GI, and GPC argue that the Receiver's compensation scheme created a conflict of interest because the Receiver was to be paid from money obtained by Jarman, and thus, the Receiver had an improper incentive to find assets for Jarman to recover. We review issues relating to the appointment of a receiver for an abuse of discretion. *Med. Device Alliance, Inc. v. Ahr*, 116 Nev. 851, 862, 8 P.3d 135, 142

(2000), *abrogated on other grounds by Costello v. Casler*, 127 Nev., Adv. Op. 36, 254 P.3d 631, 634 n.4 (2011).

NRS 78.705, the statute which provides for a receiver's compensation, states, in relevant part, that "the district court shall allow a reasonable compensation to the receiver for his or her services" and that a receiver's compensation shall "be first paid out of the assets [of the receivership estate]." Since we interpret clear and unambiguous statutes by their plain meaning, *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010), we hold that this statute allows the Receiver to be paid from GI and GPC's assets.

Here, the district court ordered that "[t]he court-appointed receiver will be paid first from any recovered proceeds." It also instructed the Receiver to evaluate GI and GPC's finances and transactions without limiting the Receiver's consideration to assets that might have been misappropriated by Donnelly or assets that might rightfully belong to Jarman. In its orders, the district court did not identify Jarman as the beneficiary of the receivership. Thus, the record contains evidence showing that the Receiver was ordered to recover assets without regard to who benefited from the recovery of the assets. It does not demonstrate that the Receiver was instructed to recover assets solely for Jarman's benefit or that the Receiver's compensation was dependent on Jarman's recovery of assets. Therefore, Donnelly, GI, and GPC failed to show that the Receiver's compensation scheme violated NRS 78.705 or that the district court abused its discretion.[2]

---

[2]*Lowder v. All Star Mills, Inc.*, a case that Donnelly, GI, and GPC rely upon, states a general rule that "no one ordinarily may be appointed receiver whose personal interests would substantially conflict with his

*continued on next page...*

*The district court's oral statements do not demonstrate that its written findings of fact were insufficient*

Donnelly, GI, and GPC argue that the district court's written findings of fact are insufficient because they are contradicted by the district court's earlier oral pronouncements.[3]

"A district court's factual determinations will not be set aside unless they are clearly erroneous and not supported by substantial evidence." *Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003). When a district court tries a case without a jury, "[it] shall find the facts specially and state separately its conclusions of law thereon and judgment shall be entered." NRCP 52(a). While a district court's "findings of fact and conclusions of law [may be] stated orally," *id.*, a district court that makes an oral decision "remains free to reconsider the decision and issue a different written judgment." *Div. of Child & Family*

---

*...continued*

unbiased judgment and duties as receiver." 309 S.E.2d 193, 198 (N.C. 1983). *Lowder* is unhelpful because it provides no meaningful guidance for our analysis of whether the Receiver had an improper conflict of interest or whether the compensation violated NRS 78.705.

[3]In making this argument, Donnelly, GI, and GPC briefly identify a legal standard for the sufficiency of evidence. However, they do not argue that there was insufficient evidence to support the district court's written findings. Therefore, they waive this issue on appeal. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev., Adv. Op. 14, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived."). To the extent that the mere identification of a legal standard is intended to be an argument about the sufficiency of the evidence presented, it is a noncogent argument and thus is without merit. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that arguments not cogently made need not be considered on appeal).

*Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 451, 92 P.3d 1239, 1243 (2004).

Here, the district court orally stated that it was relying only on the Receiver's written reports to enter a judgment for Jarman against Donnelly, GI, and GPC and that it was giving no weight to Donnelly's personal financial statements. In its subsequent written order, the district court identified testimony developed at trial to support its judgment and stated that it gave some weight to Donnelly's personal financial statements. Since a district court may "reconsider [an oral] decision and issue a different written judgment," *id.*, the district court's oral statements do not limit its consideration of this evidence in its subsequent written order. Therefore, the district court's oral statements do not demonstrate that its subsequent written findings were insufficient.[4]

*The district court did not abuse its discretion in its consideration of the Receiver's alleged violation of NRS 78.670*

Donnelly, GI, and GPC argue that the district court improperly ignored evidence suggesting that the Receiver violated NRS 78.670. While we review the district court's decision to exclude evidence for an abuse of discretion, *see Hansen v. Universal Health Servs. of Nev., Inc.*, 115 Nev. 24, 27, 974 P.2d 1158, 1159-60 (1999), we do not reweigh the evidence on appeal. *Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998).

---

[4]To the extent that Donnelly, GI, and GPC contend that the district court improperly weighed the evidence, their argument is without merit because we do not reweigh evidence on appeal. *See Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998).

Here, Donnelly, GI, and GPC presented testimony regarding the Receiver's conduct that purportedly violated NRS 78.670. Since the district court did not exclude this testimony, it was admitted. *See, e.g., Harris v. Steele*, 506 So. 2d 542, 545 (La. Ct. App. 1987) (identifying "the basic evidentiary rule that everything not excluded is admitted"). Therefore, to the extent that Donnelly, GI, and GPC's argument is based on the district court's refusal to admit evidence, it is without merit.

To the extent that Donnelly, GI, and GPC challenge the weight that the district court assigned to the evidence of the Receiver's purported violation of NRS 78.670, their argument is also without merit because we do not reweigh evidence on appeal. *Yamaha Motor Co.*, 114 Nev. at 238, 955 P.2d at 664. Therefore, the district court did not abuse its discretion with regard to Donnelly, GI, and GPC's evidence of the Receiver's alleged violation of NRS 78.670.

*Conclusion*

The district court abused its discretion by allowing the Receiver's attorney to participate in the trial on the issue of damages because the Receiver was not a party. However, this abuse was harmless error. The district court did not abuse its discretion in providing for the Receiver's compensation because the compensation arrangement complied with NRS 78.705. Furthermore, the district court's oral statements do not limit the sufficiency of its subsequent written findings of fact. Finally, the district court did not abuse its discretion in its consideration of Donnelly,

GI, and GPC's evidence regarding the Receiver's alleged violation of NRS 78.670 because it admitted this evidence.[5] Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons


PICKERING, J., concurring in part and dissenting in part:

Although the question is very close, due to the lack of connection between the claims, as pleaded, and the final judgment, as entered, I cannot find an abuse of discretion by the district judge in proceeding as she did and therefore would affirm as to the entity appellants based on the final sentence of NRCP 54(c) and cases decided under that provision of the rule. *See also* NRCP 15(b). I dissent, however, as to the alter ego finding because, even viewed expansively, the record does not support imposition of personal liability on Donnelly on that legal theory and no alternate basis for imposing personal liability was articulated by the district court in its final judgment and findings. The lack of transcript for the first phase of the trial does not affect the analysis, since findings were entered following that part of the case and

_____

[5]We have considered the parties' remaining arguments and conclude that they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

they do not support recovery on an alter ego theory. For these reasons, I respectfully concur in part and dissent in part.

_____, J.
Pickering

cc:   Hon. Nancy L. Allf, District Judge
      Robert F. Saint-Aubin, Settlement Judge
      Peel Brimley LLP/Henderson
      Day & Nance
      Eighth District Court Clerk