An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHANIEL M. RICHMOND, JR.,
Appellant,
vs.
ANDREA E. RUSSELL,
Respondent.

No. 64397

**FILED**

DEC 29 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-divorce decree order granting a motion to relocate and modifying child support. Eighth Judicial District Court, Family Court Division, Clark County; Gayle Nathan, Judge.

Respondent had primary physical custody of the parties' three minor children when she requested to relocate with them to California because she received a job offer there. At an initial hearing, the district court indicated that it would permit the children to temporarily relocate to California pending an evidentiary hearing or the parties could forgo discovery and schedule an expedited evidentiary hearing, whereby the children would be allowed to stay in Nevada until the motion was resolved. The parties agreed to the expedited evidentiary hearing, after which the district court granted respondent's motion and modified appellant's child support obligation to account for the transportation costs associated with his visitation. This appeal followed.

Having considered the record on appeal and the parties' briefs and oral arguments, we conclude that the district court did not abuse its discretion in granting respondent's motion to relocate to California with the children. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an

15-40074

abuse of discretion). The district court properly concluded that respondent had a good faith basis for the move, *Jones v. Jones*, 110 Nev. 1253, 1259-61, 885 P.2d 563, 568-69 (1994), and went through the *Schwartz v. Schwartz*, 107 Nev. 378, 383, 812 P.2d 1268, 1271 (1991), factors thoroughly. Specifically, there was extensive evidence that the move would improve the quality of life of both respondent and the children. *Schwartz*, 107 Nev. at 383, 812 P.2d at 1271. Additionally, the court concluded that respondent was the parent more likely to foster a relationship with the other parent and that appellant would have more visitation days throughout the year after the children relocated than he currently had. *See Trent v. Trent*, 111 Nev. 309, 315-16, 890 P.2d 1309, 1313 (1995) (providing that once a custodial parent establishes a good faith basis for the move, the court should consider the *Schwartz* factors, "focusing on the availability of adequate, alternate visitation"). Thus, the district court did not abuse its discretion in granting respondent's relocation motion.[1]

Appellant also argues that his due process rights were violated by having to choose between his children's temporary relocation to

___

[1]While the district court considered an email from respondent's employer that was inadmissible hearsay, because respondent testified extensively about the same subject and another document supported respondent's testimony, the admission of the email was harmless. *See McMonigle v. McMonigle*, 110 Nev. 1407, 1409, 887 P.2d 742, 744 (1994) (explaining that "[i]t is harmless error if a court incorrectly admits evidence which does not affect the substantial rights of the parties" and "where inadmissible evidence has been received by the court, sitting without a jury, and there is other substantial evidence upon which the court based its findings, the court will be presumed to have disregarded the improper evidence" (internal quotation omitted)), *overruled on other grounds by Castle v. Simmons*, 120 Nev. 98, 86 P.3d 1042 (2004).

California or submitting to an expedited evidentiary hearing without discovery. While we are concerned about the position the district court placed appellant in, the district court's actions do not rise to the level of a due process violation because appellant requested the expedited evidentiary hearing, he had notice of the hearing, and he had the opportunity to oppose appellant's motion at the hearing. *Rico v. Rodriguez*, 121 Nev. 695, 702, 120 P.3d 812, 817 (2005) ("This court reviews constitutional challenges de novo."); *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007) ("[P]rocedural due process requires notice and an opportunity to be heard." (internal quotations omitted)). Further, both parties agreed to forgo discovery in exchange for the expedited evidentiary hearing and the inability to conduct discovery applied equally to both of them. Additionally, it was within the district court's sound discretion to allow the temporary relocation, *cf. In re Temporary Custody of Five Minor Children*, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989) (recognizing that the district court has authority to enter a temporary order regarding custody), especially under circumstances like those present here where the parent with primary physical custody is starting a job in another state before the court would have time to conduct an evidentiary hearing.

Lastly, in regard to appellant's argument that the district court abused its discretion in providing him with an offset to his child support obligation for the transportation costs associated with his visitation instead of requiring respondent to pay those costs directly, we conclude the district court did not abuse its discretion. NRS 125B.080(9)(i) (providing that in adjusting child support, the court may consider "[t]he cost of transportation of the child to and from visitation"

after the child has relocated); *Wallace*, 112 Nev. at 1019, 922 P.2d at 543 (providing that this court reviews a child support order for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

CHERRY, J., dissenting:

I disagree with my colleagues' decision to affirm the district court's order granting respondent's motion to relocate because the district court violated appellant's procedural due process rights by providing him with the Hobson's choice of either losing his children for a few months or forgoing both discovery and a full and fair evidentiary hearing. *Rico v. Rodriguez*, 121 Nev. 695, 702, 120 P.3d 812, 817 (2005) ("[t]his court reviews constitutional challenges de novo"). Placing appellant in this position deprived him of the opportunity to truly and fairly oppose respondent's motion to relocate. *See Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007) (explaining that procedural due process requires an opportunity to be heard on the motion). Without conducting discovery, appellant was unable to ascertain the best arguments to present to the court in opposition to the motion. Thus, appellant should have had the opportunity to conduct discovery before losing his children. *See Blanco v. Blanco*, 129 Nev., Adv. Op. 77, 311 P.3d 1170, 1175 (2013) ("child custody decisions implicate due process rights because parents have a

fundamental liberty interest in the care, custody, and control of their children").

Further, the district court cannot permit the children to relocate, even temporarily, until the court has considered the *Schwartz v. Schwartz*, 107 Nev. 378, 383, 812 P.2d 1268, 1271 (1991), factors. In *Schwartz*, this court held that prior to granting a motion to relocate, the district court must consider whether (1) the move will improve the quality of life for the custodial parent and the children, (2) the custodial parent's motives are honorable in requesting the move, (3) the custodial parent will comply with substitute visitation orders, (4) the noncustodial parent's motives are honorable in opposing the relocation, and (5) the noncustodial parent will be able to have visitation with the children that fosters and preserves the parental relationship. *Id.* The district court is precluded from permitting a parent to relocate with the children until the court has considered these factors.

Although one could argue that the district court was merely maintaining the status quo by temporarily permitting the relocation because respondent had primary physical custody, respondent only has the right to primary physical custody of the children in the state of Nevada, and thus, the district court is not maintaining the status quo by allowing her to remove the children from the state without first considering the *Schwartz* factors. This is especially true because the move necessarily affected appellant's visitation rights and *Schwartz* requires the court to consider whether reasonable alternative visitation is available. Thus, the district court could not temporarily permit the children to relocate before considering reasonable alternative visitation. Because respondent is the party relocating, she cannot take the children with her

until the court has had the opportunity to thoroughly consider the *Schwartz* factors, and if there is a delay in the court's consideration so that the parties can conduct discovery, respondent has to wait to relocate or she can relocate without the children. Therefore, permitting the relocation of the children without considering the *Schwartz* factors, even temporarily pending an evidentiary hearing, was an abuse of discretion.

By allowing the children to relocate prior to the court's consideration of the *Schwartz* factors and expediting the evidentiary hearing without allowing discovery, the district court violated appellant's procedural due process rights by diminishing his opportunity to be heard in opposition to respondent's motion. Thus, I would reverse and remand this matter to the district court so that the parties can conduct discovery before the district court holds an evidentiary hearing to consider the *Schwartz* factors.

_____, J.
Cherry

cc:     Eighth Judicial District Court, Family Division, Department T
McDonald Carano Wilson LLP/Las Vegas
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk