# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT JOHN HALLINAN,
Appellant,
vs.
ERIKA NICOLE HALLINAN,
Respondent.

No. 65406

FILED

JAN 27 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-divorce decree district court order concerning child custody and relocation. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

The parties are divorced and have one child together. They established an untraditional custody arrangement where the child spent many months at a time in each parent's care. In July 2013, appellant, who is a member of the United States Air Force, sought to modify custody and relocate the child because appellant had been permanently assigned to a military base in Okinawa, Japan. In the time between the parties' separation and appellant's motion, the child had been in respondent's sole care for a 17-month period, had been in appellant's sole care for a 9-month period, and had been back in respondent's sole care for 2 months. The district court determined that it was in the child's best interest to remain with respondent and denied appellant's motion to relocate the child.

Appellant first argues that under *Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009), he was the child's de facto primary physical custodian because he had physical custody of the child for nearly ten months in the year prior to filing the custody motion. *See Rivero*, 125 Nev.

16-02885

at 427, 216 P.3d at 225 (providing a guideline for determining when parties have de facto joint physical custody based on custodial time over the course of one year). Because the parties agreed to this arrangement with large blocks of custodial time, instead of one that changed on a weekly basis like the one at issue in *Rivero*, the district court did not abuse its discretion when it based its determination on the child's best interest and considered the parties' past custody arrangements beyond the *Rivero* guideline's one-year timeframe. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) ("Matters of custody and support of minor children rest in the sound discretion of the trial court."); *see also Bluestein v. Bluestein*, 131 Nev., Adv. Op. 14, 345 P.3d 1044, 1048 (2015) (reiterating that "in custody matters, the child's best interest is paramount").

Appellant next argues that the district court considered evidence of physical custody and domestic violence that occurred before the parties' most recent custody order in violation of *McMonigle v. McMonigle*, 110 Nev. 1407, 887 P.2d 742 (1994), *overruled on other grounds by Castle v. Simmons*, 120 Nev. 98, 86 P.3d 1042 (2004). Although *McMonigle* generally prohibits consideration of events preceding the most recent custody order from being used to establish a change of circumstances, *McMonigle*, 110 Nev. at 1408, 887 P.2d at 743, there is an exception for evidence of domestic violence that has not previously been presented to the court, *Castle*, 120 Nev. at 105, 86 P.3d at 1047 (concluding that the changed circumstances doctrine does not bar the presentation of evidence of domestic violence when a party or the court was unaware of the evidence at the time of the previous custody order). Additionally, no substantial changed circumstances were required for the

court to review custody as neither party had primary custody of the child, *Rivero*, 125 Nev. at 430, 216 P.3d at 227, and regardless, appellant's relocation to Japan was a sufficient change in circumstances to warrant a review of custody, *Hayes v. Gallacher*, 115 Nev. 1, 7, 972 P.2d 1138, 1141 (1999) (proposed relocation constituted changed circumstances and justified reexamining custody). Thus, this evidence was not prohibited by *McMonigle* and the district court did not abuse its discretion when it heard the evidence as part of a consideration of the child's best interest.

Appellant also asserts that the district court impermissibly elicited evidence on respondent's behalf. While the district court played an active role in the relocation hearing and examined each witness, the district court's actions were not a violation of its duty to remain impartial. *See* NRS 50.145(2) (explaining that a judge may interrogate witnesses); *Azbill v. State*, 88 Nev. 240, 249, 495 P.2d 1064, 1070 (1972) ("A trial judge has the right to examine witnesses for the purpose of establishing the truth or clarifying testimony, but in doing so he must not become an advocate for either party . . . ."); NCJC Canon 2, Rule 2.2, Comment 4 (providing that judges must remain impartial and may make reasonable accommodations to ensure self-represented litigants have an opportunity to have their matter fairly heard).

Lastly, appellant challenges the district court's factual findings and consideration of certain testimony. The admission of testimony from respondent's witness about out-of-court statements regarding appellant disciplining the child was harmless, as even without this testimony, there remains substantial evidence in the record for the court's finding that both parents had used corporal punishment. NRCP 61 (providing that no error in the admission of evidence is ground for

modifying or disturbing an order unless the error is inconsistent with substantial justice); *McMonigle*, 110 Nev. at 1409, 887 P.2d at 744 (explaining that in a bench trial when a court receives inadmissible evidence, it is presumed that the court disregarded the inadmissible evidence when there is other substantial evidence upon which the court based its findings). Substantial evidence also supports the district court's findings regarding respondent's mental health, the child's relationships with the parties' families, witness credibility, and that appellant had reasonable alternative visitation.[1] *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[1]Any deficiency in the evidence regarding the district court's comments about appellant's size and military training in the context of domestic violence was harmless error, as the district court's findings of domestic violence were independent of these considerations and the evidence of domestic violence did not determine the district court's custody decision, as the court found that both parties overcame the presumption in NRS 125.480(5) (2009) and that the child would be safe in either party's custody. NRCP 61.

cc: Hon. Jennifer Elliott, District Judge, Family Court Division
Pecos Law Group
Black & LoBello
Legal Aid Center of Southern Nevada
Anne R. Traum
Snell & Wilmer, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A