IN THE MATTER OF THE TEMPORARY CUSTODY OF FIVE MINOR CHILDREN. AUGUST H. AND LEANN H., APPELLANTS, *v.* THE STATE OF NEVADA; WILMA H., MARION H., JAMES H., SUE ANN H., MARY LOU H., RESPONDENTS.

No. 19355

July 26, 1989                                        777 P.2d 901

*Terri Steik Roeser,* State Public Defender, and *John C. Lambrose,* Deputy, Carson City, for Appellants.

*Brian McKay,* Attorney General, Carson City; *William G. Rogers,* District Attorney, and *Eileen Barnett,* Deputy, Lyon

---

[6]THE HONORABLE ROBERT E. ROSE, Justice, voluntarily recused himself from participation in the decision of this appeal.

County; *Claassen & Olson,* Carson City; *Ed Irvin,* Fallon, for Respondents.

## OPINION

*Per Curiam:*

On May 6, 1989, the district attorney of Lyon County filed in the district court a petition for the temporary custody of appellants' five minor children pursuant to NRS 432B.510. The petition alleged that the four oldest children were the victims of chronic neglect by their parents and that the children have poor hygiene which has resulted in complaints from school officials and the Lyon County Sheriff's Department. The petition stated that the children were in the protective custody of the Nevada Department of Human Resources, Welfare Division, and

requested that the Welfare Division be given temporary custody of the children. The petition was later amended to include appellants' youngest child.

On September 13, 1988, after holding an evidentiary hearing, the district court entered an order directing that all of the children remain in the temporary custody of the Welfare Division. That order directed the Welfare Division to give "extensive" visitation rights to appellants for the following three-month period and to present to the court a report concerning the family at the end of the three-month period. The order also allowed the Welfare Division to return the children to the home within the three-month period if it felt such action was appropriate. Finally, the order set another hearing for the matter. This appeal followed.

Initially, we note that the proceedings below were conducted pursuant to NRS Chapter 432B. We also note that the order challenged in this appeal determines the *temporary* custody of the minor children, and that the order is subject to periodic mandatory review and modification by the district court. *See* NRS 432B.550; 432B.580; 432B.590. Thus, the challenged order of the district court is not a final order. Moreover, we note, and the parties concede, that no statute or court rule authorizes an appeal from an order of the district court granting a petition for temporary custody pursuant to NRS Chapter 432B. The right to appeal is statutory, and where no statute or rule authorizes an appeal, no right to appeal exists. *See* Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). Finally, the periodic review by the district courts of orders placing minor children in temporary protective custody renders the appellate process unsuitable for the review of such orders by this court. Under these circumstances, we conclude that in the absence of a contrary legislative expression, orders granting petitions for temporary custody pursuant to NRS Chapter 432B are not substantively appealable.

Nevertheless, because the order challenged in this proceeding affects the custody of children, and may thus have far reaching consequences for both the parents and the children, we elect to treat the instant appeal as a petition for a writ of mandamus. *See* Clark County Liquor v. Clark, 102 Nev. 654, 730 P.2d 443 (1986); Jarstad v. National Farmers Union, 92 Nev. 380, 552 P.2d 49 (1976). Mandamus is an extraordinary remedy, and the decision of whether to entertain a petition lies within the discretion of this court. *See* Poulos v. District Court, 98 Nev. 453, 455,

652 P.2d 1177, 1178 (1982). Further, *mandamus* will issue to control an arbitrary or capricious exercise of discretion by the district court. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). Therefore, this court will not disturb a decision of the district court regarding the temporary custody of children unless the decision is affected by a manifest abuse of discretion. *See id.; cf.* Nichols v. Nichols, 91 Nev. 479, 537 P.2d 1196 (1975) (decision regarding child custody in a divorce action rests in the sound discretion of the district court and will not be disturbed unless the discretion is clearly abused).

In the present case, appellants assert that the order giving the Welfare Division temporary custody of the minor children violated their statutory and constitutional rights. Initially, appellants complain that they were never given access to the reports which gave rise to the Welfare Division's investigation of the family. We note, however, that the district court limited the hearing below to allegations that a social worker could testify to directly. Because the reports which alerted the Welfare Division to the situation in appellants' family were not before the district court at the hearing below, appellants were not prejudiced by the denial of access to those reports.

Appellants next assert that NRS 432B.340 requires the Welfare Division to provide them with a "plan" for services to help the family prior to instituting an action for temporary custody.[1] Appellants' contention is without merit. As respondents correctly note, the provision of a plan for services pursuant to NRS 432B.340 is discretionary; it is not a prerequisite to filing a petition for temporary custody. Thus, the Welfare Division was under no statutory obligation to provide appellants with such a plan.

Appellants next complain that the petition for temporary custody contained only conclusory allegations and thus did not give

---

[1]NRS 432B.340 (emphasis added) provides in pertinent part:

    1. If . . . [the Welfare Division] determines that a child needs protection, but is not in imminent danger from abuse or neglect, *it may:*

    (a) Offer to the parents . . . a plan for services and inform him [sic] that [Welfare] has no legal authority to compel him [sic] to accept the plan but that it has the authority to petition the court pursuant to NRS 432B.490 or to refer the case to the district attorney or a law enforcement agency. . . .

    . . . .

    2. If the parent . . . accepts the conditions of the plan offered by [Welfare] . . . [Welfare] may elect not to file a petition and may arrange for appropriate services. . . .

them sufficient notice of the facts that they would have to defend against at the hearing on the petition. Appellants also assert that the hearing on the petition was not held within thirty days as required by NRS 432B.530. We note, however, that appellants failed to object below to either the form of the petition or to the hearing date. Under these circumstances, we will not address these claims of error in this court. *Cf.* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981) (claims for extraordinary relief must generally first be tendered to an appropriate district court); Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (a point not raised in the district court is deemed to have been waived).

Appellants next assert that there is no indication in the documents before this court whether the district court found clear and convincing evidence supporting its order giving the Welfare Division temporary custody of the children. Analogizing to cases involving the termination of parental rights, appellants argue that a petition for temporary custody must be supported by clear and convincing evidence. *See* Santosky v. Kramer, 455 U.S. 745 (1982); Champagne v. Welfare Division, 100 Nev. 640, 691 P.2d 849 (1984). Respondents correctly note, however, that NRS 432B.530(5) requires only that the court find a preponderance of evidence showing that a minor child is in need of protection before issuing an order for temporary custody. Because an order for temporary custody differs significantly from an order terminating parental rights, we conclude that the lesser standard is appropriate.

As a final matter, we note that the evidence presented at the hearing below clearly established that appellants did not properly supervise or control their children. Specifically, appellants were unable to protect the children from each other and failed to teach the children basic social skills or to provide any guidance to the children regarding basic toilet functions and hygiene. Because this evidence was sufficient to show that the children were neglected under NRS 432B.140,[2] we conclude that the district court did not abuse its discretion when it granted the petition for

---

[2]NRS 432B.140 provides in pertinent part:

Negligent treatment or maltreatment of a child occurs if a child . . . is without proper care, control and supervision or lacks the subsistence, education, shelter, medical care or other care necessary for the well-being of the child because of the faults or habits of the person responsible for his welfare or his neglect or refusal to provide them when able to do so.

temporary custody. *Cf.* Kobinski v. State, 103 Nev. 293, 738 P.2d 895 (1987) (an order terminating parental rights will be upheld on appeal if it is supported by substantial evidence). Accordingly, we conclude that our intervention by way of extraordinary writ is not warranted at this time. Therefore, we deny this petition.[3]

---

[3]THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this appeal.