An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ABRAHAM LUBLIN,<br>Appellant,<br>vs.<br>APRIL LAWSON,<br>Respondent. | No. 58213 |
| ABRAHAM LUBLIN,<br>Appellant,<br>vs.<br>APRIL LAWSON,<br>Respondent. | No. 58673 |
| ABRAHAM LUBLIN,<br>Appellant,<br>vs.<br>APRIL LUBLIN N/K/A APRIL<br>LAWSON,<br>Respondent. | No. 59276 |
| ABRAHAM LUBLIN,<br>Appellant,<br>vs.<br>APRIL LUBLIN,<br>Respondent. | No. 59447 |

FILED

MAR 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated proper person appeals from district court post-divorce decree orders concerning child custody and support. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

Procedural background

Appellant Abraham Lublin and respondent April Lawson were divorced in 2007. Appellant was initially awarded primary physical custody of the parties' two minor children, but on August 18, 2009, the district court recognized that the parties were actually exercising a joint physical custody arrangement and ordered that it would thereafter be treated as such. In a stipulated order entered on September 29, 2009, the parties agreed to waive any child support arrearages owed by respondent and to waive all future child support. In that order, the parties also

13-08062

agreed to use a court-assigned parenting coordinator to attempt to resolve future disputes.

Shortly thereafter, appellant had respondent arrested for assaulting him, but the state declined to prosecute her. Subsequently, the parenting coordinator recommended that appellant undergo a psychological evaluation, which appellant refused to do. Thus, on March 24, 2011, the district court restricted appellant to supervised weekly visitation.[1] On respondent's motion, on June 9, 2011, the district court awarded respondent temporary sole legal custody until appellant submits to a psychological evaluation, and the court award respondent primary physical custody and child support as a result of the change in custody.[2] On August 29, 2011, the district court approved the master's recommendation as to the amount of child support and denied appellant's request for child support arrearages. These appeals followed.

Discussion

In these consolidated appeals, appellant argues that the district court abused its discretion in modifying the physical custody arrangement, awarding respondent child support based on the custody modification, and failing to award him child support arrearages. Having

[1]While the March 24, 2011, order is a temporary, nonappealable order, see In re Temporary Custody of Five Minors, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989) (explaining that no appeal may be taken from a temporary custody order), because the district court later entered a final order on June 9, 2011, we have considered appellant's arguments regarding both orders.

[2]To the extent that appellant is challenging the district court's award of temporary sole legal custody to respondent, we do not address this issue as we lack jurisdiction to consider it. See Five Minors, 105 Nev. at 443, 777 P.2d at 902.

considered appellant's civil proper person appeal statements and the record on appeal, we conclude that appellant's arguments do not warrant reversal of the district court's orders.

Child custody

Appellant asserts that the district court abused its discretion when it modified the custody arrangement because the court (1) applied the incorrect standard, (2) failed to consider respondent's arrest for assault, (3) allowed the parenting coordinator to make the custody determination, and (4) failed to consider the children's best interests. This court reviews a district court's child custody decision for an abuse of discretion. See Wallace v. Wallace, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

First, the district court did not abuse its discretion in applying the best interest standard instead of considering whether there had been a change in circumstances before modifying the parties' custody arrangement because the parties were sharing joint physical custody at the time of the modification, as recognized by the district court's August 18, 2009, order. See Rivero v. Rivero, 125 Nev. 410, 430, 216 P.3d 213, 227 (2009) (requiring a court to consider the actual amount of time each party has custody of the child when determining whether the parties have a joint physical custody arrangement and to apply the best interest standard when deciding whether to modify a joint physical custody arrangement). Second, the district court did not improperly fail to apply a presumption that it was not in the children's best interests for respondent to have custody based on her arrest for allegedly assaulting appellant. In particular, the state determined that respondent should not be prosecuted based on the allegations, and appellant did not present any evidence not considered by the state to demonstrate that the domestic violence had

occurred. See NRS 125.480(5) (requiring "clear and convincing evidence" that a party engaged in an act of domestic violence in order to presume that custody with a particular parent is not in a child's best interest).

Third, appellant asserts that the district court lacked authority to appoint the parenting coordinator, and that the parenting coordinator was improperly permitted to make the decision regarding the custody modification. NRCP 53, however, provides that a court may appoint a special master in a pending action, and the record demonstrates not only that the parenting coordinator was appointed as a special master, but also that appellant agreed to the use of a parenting coordinator. See also NRS 125.005(1) (permitting the district court to appoint a referee in a custody action). Additionally, the record establishes that, while the district court considered the parenting coordinator's recommendation, the district court, rather than the parenting coordinator, ultimately decided the custody issue. See NRS 125.510(2); see also In re A.B., 128 Nev. ___, ___, 291 P.3d 122, 127 (2012).

Finally, the district court did not abuse its discretion in concluding that a modification to the custody arrangement was in the children's best interests. See Wallace, 112 Nev. at 1019, 922 P.2d at 543. The record demonstrates that appellant refused to comply with the district court's order to undergo a psychological evaluation, and that the court has indicated that it will revisit the supervised visitation and custody arrangement if appellant complies with that order. In light of appellant's refusal to comply with the court's order, we conclude that the district court did not abuse its discretion in modifying the custody arrangement.[3] See

---

[3]Appellant argues that the district court denied him due process by failing to hold a full evidentiary hearing before the custody modification. We conclude, however, that the district court did not deny appellant his

*continued on next page...*

SUPREME COURT
OF
NEVADA

4

(O) 1947A

id. (stating that "[i]t is presumed that a trial court has properly exercised its discretion in determining a child's best interest"). For these reasons, we affirm the district court's modification of the custody arrangement and the interlocutory order for supervised visitation pending appellant's psychological evaluation. See id.

### Child support and arrearages

On appeal, appellant also asserts that the district court erred by awarding respondent child support contrary to the September 29, 2009, stipulated order, and that the district court erred in failing to award him child support arrearages. While the parties had previously agreed to waive child support, an agreement regarding child support is modifiable by the district court regardless of a contrary agreement between the parties. Fernandez v. Fernandez, 126 Nev. ___, ___, 222 P.3d 1031, 1035-38 (2010) (concluding that the parties' agreement to never modify a child support order was unenforceable). Given that appellant does not challenge the amount of support awarded to respondent, we affirm the district court's child support award. See Edgington v. Edgington, 119 Nev. 577, 588, 80 P.3d 1282, 1290 (2003) (explaining that this court reviews a district court's child support award for an abuse of discretion). Further,

---

...*continued*
due process rights because appellant was provided with extensive opportunities to present his positions, as well as the chance to avoid modification by complying with the requirement that he undergo a psychological evaluation with a specific psychologist chosen by the court. See Moser v. Moser, 108 Nev. 572, 576-77, 836 P.2d 63, 66 (1992) ("At a minimum, observance of this right [to a full and fair custody hearing] requires that before a parent loses custody of a child, the elements that serve as a precondition to a change of custody award must be supported by factual evidence. Furthermore, the party threatened with the loss of parental rights must be given the opportunity to disprove the evidence presented.").

the district court's award of child support does not negate the parties' agreement to waive arrearages accrued by respondent, and thus, we affirm the district court's denial of appellant's request for child support arrearages. See Parkinson v. Parkinson, 106 Nev. 481, 483, 796 P.2d 229, 231 (1990) (explaining that a party may waive his or her current right to child support through the "intentional relinquishment of a known right"), abrogated on other grounds by Rivero, 125 Nev. at 435, 216 P.3d at 230-31).

        For the reasons discussed herein, we

        ORDER the judgments of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[4]We have reviewed appellant's remaining contentions, and we conclude they are without merit. We deny appellant's February 3, 2012, February 15, 2012, and April 10, 2012, motions. In addition, we deny respondent's March 14, 2013, motion because it is not properly before this court and needs to be addressed by the district court in the first instance.

We have reviewed all of the additional documentation submitted in these appeals and, to the extent that documentation was part of the appellate record, and thus, is properly before us, we have considered it in resolving these appeals. Further, we have reviewed respondent's September 10, 2012, letter, and in regard to any confusion surrounding an order from this court regarding child support, we clarify that this court has never issued an order directing respondent to pay child support arrearages.

Supreme Court
of
Nevada

(O) 1947A

6

cc: Hon. Mathew Harter, District Judge
Abraham Lublin
Mary D. Perry
April Lawson
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A