An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWNEE M.,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
STOREY, AND THE HONORABLE
JAMES E. WILSON,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66205

**FILED**

JUN 2 3 2015

TRACIE K. LINDEMAN
**CLERK** OF SUPREME COURT
BY S. Young
    DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order that discontinues reunification efforts. First Judicial District Court, Storey County; James E. Wilson, Jr., Judge.

## *BACKGROUND*

After receiving a report that petitioner left her three children M.M., K.A., and B.A. with family members without indicating where she was going or when she would return, the Division of Child and Family Services (DCFS) filed a petition with the Juvenile Division of the First Judicial District Court of Nevada requesting the court to determine that the children were in need of protection per NRS 432B.330. The Special Master recommended: (1) sustaining DCFS's petition, (2) establishing a case plan to reunify the children and petitioner, with a concurrent plan of

guardianship with a relative or adoption, and (3) that the State file a petition to terminate parental rights if the case plan was not completed. The juvenile division of the district court adopted the Special Master's recommendations.

Following the six-month periodic review hearing, the juvenile division of the district court approved the Special Master's recommendations to maintain the status quo. Then, after the one-year permanency review hearing, the juvenile division of the district court modified the permanency plan for K.A. and B.A. to prioritize adoption and the termination of parental rights, with a concurrent plan for guardianship with a relative.[1] The juvenile division of the district court also determined that DCFS was no longer required to make reasonable efforts to reunify petitioner with her children.

Later, K.A. and B.A.'s paternal grandmother and paternal great grandmother jointly petitioned the First Judicial District Court of Nevada to be appointed co-guardians of K.A. and B.A. The petition also sought permission to relocate K.A. and B.A. to Alaska to be with the grandmother. Although K.A. and B.A. had been living with the great grandmother, her ability to continue caring for the children was diminishing with her deteriorating health. Petitioner did not attend the hearing for the guardianship proceedings.

---

[1]The permanency plan for M.M. is not at issue in this petition because, having returned to live with petitioner, she is no longer a part of the NRS Chapter 432B proceedings.

While the petition for co-guardianship was pending, the Special Master held the 18-month periodic review hearing for the NRS Chapter 432B proceedings and recommended maintaining the existing permanency plan for K.A. and B.A. Additionally, the Special Master recommended authorizing DCFS to submit an Interstate Compact on the Placement of Children (ICPC) to Alaska to place K.A. and B.A. with the grandmother and, in the interim, to allow for an immediate 30-day placement if the great grandmother's health continued to deteriorate. Petitioner filed an objection to these recommendations, claiming that, among other things, her parental rights were being terminated in violation of due process. The juvenile division of the district court disagreed with petitioner and adopted the Special Master's recommendations, concluding that petitioner failed to rebut the presumption that the termination of parental rights was in K.A.'s and B.A.'s best interest because the children have resided outside of petitioner's home for more than 14 months of a consecutive 20-month period.

Six months later, in the guardianship proceedings, the district court granted the grandmother and great grandmother's petition for co-guardianship of K.A. and B.A.

Petitioner filed this writ, arguing that the district court violated her due process rights and independently abused its discretion when applying the law.

## DISCUSSION

A writ of mandamus is available, inter alia, "to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Generally, writ relief is available only when there is no "'plain, speedy, and adequate remedy in the ordinary course of law.'" *See Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 356, 167 P.3d 421, 426 (2007) (quoting NRS 34.170). The petitioner bears "the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

The decision of the juvenile division of the district court to adopt the Special Master's recommendations that maintained the existing permanency plan for K.A. and B.A. is not appealable. *See Clark Cnty. Dist. Attorney v. Eighth Judicial Dist. Court*, 123 Nev. 337, 342, 167 P.3d 922, 925 (2007) (acknowledging that a placement order under NRS Chapter 432B is not appealable); *August H. v. State*, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989) ("[N]o statute or court rule authorizes an appeal from an order of the district court granting a petition for temporary custody pursuant to NRS Chapter 432B."). Accordingly, if, as we assume, petitioner is challenging the decision of the juvenile division of the district court resulting from the 18-month review to preserve the status quo of the permanency plan for K.A. and B.A., writ relief would be appropriate if that court acted arbitrarily or capriciously.[2]

---

[2]If petitioner is attempting to challenge the co-guardianship order, her only recourse is to petition the district court to terminate the co-

*continued on next page . . .*

 

*Petitioner's due process rights were not violated*

Petitioner asserts that the juvenile division of the district court violated her due process rights by constructively terminating her parental rights as to K.A. and B.A. without affording her the protections guaranteed in termination proceedings. The State claims that petitioner's parental rights were not terminated, petitioner maintains the legal rights of a parent, and petitioner is free to call and visit her children.[3]

At the outset, we reject petitioner's arguments that her parental rights were constructively terminated. Terminating parental rights results in the respective child being forever free from their parent's custody and control. *See* NRS 128.110. When a child is placed in the temporary custody of a person other than a parent, "[t]he parent retains the right to consent to adoption, to determine the child's religious affiliation and to reasonable visitation, unless restricted by the court." NRS 432B.550(2)(a). Moreover, if these rights are being abridged, a parent may petition the court to enforce them. *See id.* Although petitioner may be financially precluded from physically visiting her children in Alaska at this time, her legal rights as a parent remain intact and she still has the opportunity to progress in her case plan in order to

---

*. . . continued*

guardianship under NRS 159.1905(1) because she failed to file a timely appeal of that decision.

[3]We conclude that real party in interest's mootness argument lacks merit because petitioner's challenge creates a live controversy. *See Majuba Mining v. Pumpkin Copper*, 129 Nev., Adv. Op. 19, 299 P.3d 363, 364 (2013).

 

seek the reinstatement of reunification efforts and to regain custody of her children. Thus, we conclude that the juvenile division of the district court did not constructively terminate petitioner's parental rights, and therefore petitioner was not entitled to the due process protections provided to parents in termination proceedings.

We also conclude that the juvenile division of the district court did not violate petitioner's due process rights in any other way. Petitioner was represented by counsel in the NRS Chapter 432B proceedings and received a hearing before any changes occurred as to the custody of her children. *See In re Parental Rights as to A.G.*, 129 Nev., Adv. Op. 13, 295 P.3d 589, 593 (2013) ("Due process requires that each parent is entitled to a hearing before being deprived of the custody of his or her child.").[4] We therefore reject petitioner's assertion that she was denied due process.

*The juvenile division of the district court did not act arbitrarily or capriciously*

The juvenile division of the district court committed no arbitrary or capricious action. We reject petitioner's argument that the NRS 432B.590(4) presumption does not apply here because K.A. and B.A. have not lived in Alaska for 14 months. NRS 432B.590(4) states that "[i]f a child has been placed *outside of the home* and has resided outside of the home pursuant to that placement for 14 months of any 20 consecutive months, the best interests of the child must be presumed to be served by

---

[4]Petitioner's brief includes multiple references to substantive due process, but fails to expressly or impliedly make a cogent argument related to the constitutional doctrine. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that this court need not address arguments that are not cogent).

the termination of parental rights." (Emphasis added). In accordance with the statute's plain language, because K.A. and B.A. lived outside of petitioner's home pursuant to a placement for more than 14 months of a consecutive 20-month period, the juvenile division of the district court properly recognized the presumption in maintaining the permanency plan for K.A. and B.A. that recommended the termination of petitioner's parental rights.[5]

---

[5]We reject petitioner's argument that the State created this presumption by making only token efforts under NRS 128.107 to reunify her with her children. NRS 128.107 only applies when a court is determining whether to terminate parental rights. *See* NRS 128.107. Here, the juvenile division of the district court only adopted a permanency plan and did not decide whether to actually terminate petitioner's parental rights in K.A. and B.A. Accordingly, this provision does not apply.

SUPREME COURT
OF
NEVADA

(O) 1947A

Based on the foregoing, petitioner cannot satisfy her burden to show that extraordinary relief is warranted, and therefore we ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    State Public Defender/Carson City
       Attorney General/Carson City
       Storey County District Attorney
       Storey County Clerk

