An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER AS TO: J.O., MINOR CHILD,

No. 67728

JERRY L.O.,
Appellant,
vs.
WASHOE COUNTY DEPARTMENT OF SOCIAL SERVICES,
Respondent.

**FILED**

JUL 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a pro se appeal from a juvenile court order denying an NRCP 60(b) motion in a proceeding under NRS Chapter 432B. Second Judicial District Court, Family Division, Washoe County; Egan K. Walker, Judge.

In February 2013, the child was removed from parental custody. After a hearing, the court entered a protective custody order on February 7, 2013, placing temporary legal and physical custody with respondent. Thereafter, the juvenile court sustained the neglect petition and found that the child was in need of protection. On January 29, 2014, the juvenile court entered an order that returned the child to appellant's home, terminated respondent's custody, and dismissed the case. On October 6, 2014, appellant filed the underlying motion to set aside the judgment based on fraud and as void under NRCP 60(b)(3) and (4). Appellant challenged the notice and procedure that occurred at the time of the protective custody hearing and sought an order declaring the entire

SUPREME COURT
OF
NEVADA

(O) 1947A

15 - 22322

proceeding void. On March 10, 2015, the district court denied the motion, and appellant brought this appeal.

Our review of this appeal reveals a jurisdictional defect. Orders entered in NRS Chapter 432B proceedings are not final, but rather, temporary and thus not appealable. *See In re Temp. Custody of Five Minor Children*, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989) (stating that no appeal may be taken from an NRS Chapter 432B temporary custody order). Even if an order concludes the NRS Chapter 432B proceedings by dismissing the case, the order likewise is not appealable because it arose in the juvenile court and concerns child custody. NRAP 3A(b)(7). Instead, such orders must be challenged by way of writ petition. *See In re A.B.*, 128 Nev. Adv. Op. 70, 291 P.3d 122, 126 (2012) ("[B]ecause the lower court's order arises from a juvenile proceeding and concerns child custody, it is not substantively appealable under NRAP 3A, and therefore, [the] only remedy is by way of a petition for a writ of mandamus.").

Moreover, NRCP 60(b) allows a party to seek relief from "a final judgment, order, or proceeding," and by its express terms, only applies to final judgments. *See Barry v. Lindner*, 119 Nev. 661, 669, 81 P.3d 537, 542 (2003). Because the January 29, 2014, order returning the child to appellant and dismissing the case was not a final judgment, appellant could not seek relief under NRCP 60(b). Thus, the March 10, 2015, order denying appellant's motion is not appealable. *Cf. Holiday Inn Downtown v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1379 (1987)

(allowing an appeal from an order denying an NRCP 60(b) motion). As we lack jurisdiction, we

ORDER this appeal DISMISSED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Egan K. Walker, District Judge, Family Division
Jerry L. O.
Washoe County District Attorney
Washoe District Court Clerk

---

[1]We deny as moot the relief requested by appellant in his document filed on July 9, 2015.