An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY B. FERGUSON,
Appellant,
vs.
MISTI HALE,
Respondent.

No. 63419

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from post-divorce decree orders regarding child custody. Second Judicial District Court, Family Court Division, Washoe County; Linda M. Gardner, Judge.

The parties were married for eight years and have three children together. After their divorce, the parties shared joint legal and physical custody of the children. In January 2010, appellant was disruptive and exhibited erratic behavior at a hearing regarding his failure to timely return the children to respondent after his custodial time ended, and thus, the district court suspended appellant's custodial rights and ordered appellant to undergo a substance abuse evaluation and a mental health evaluation and to complete a 52-week domestic violence program. The district court provided that once appellant completed these requirements a review hearing would be held. In March 2012, the district court added two additional requirements, demanding appellant resolve the criminal charges filed against him and submit a letter from his neurologist regarding his capacity to parent. In December 2012, appellant filed a motion requesting the review hearing and arguing that he had completed all court-ordered tasks. The district court construed his motion as a motion to modify physical custody and denied it because he had not made a prima facie case for modification. This appeal followed.

As to appellate jurisdiction, the district court's January 2010 order was a temporary order because it contemplated scheduling a review

15-29236

hearing and instead of modifying custody, it suspended appellant's custodial rights. *Lee v. GNLV Corp.*, 116 Nev. 424, 427, 996 P.2d 416, 417 (2000) (explaining that in determining whether an order is final, this court will consider what the order substantively accomplishes); *cf. In re Temp. Custody of Five Minor Children*, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989) (recognizing that the district court has authority to enter a temporary order regarding custody to protect children). When the district court denied appellant's motion for a review hearing after he had made a colorable argument that he had completed all the court-ordered requirements, the district court's order made the temporary suspension permanent and thereby finally modified custody, and thus, the May 9, 2013, order was appealable. *See* NRAP 3A(b)(7) (providing that an order that finally alters child custody is appealable).

Having considered the parties' arguments and the record before us, we conclude the district court abused its discretion by denying appellant's request for a review hearing to reestablish his custodial rights. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (explaining that this court reviews a child custody decision for an abuse of discretion); *see also generally Moser v. Moser*, 108 Nev. 572, 576, 836 P.2d 63, 66 (1992) (providing that "[l]itigants in a custody battle have the right to a full and fair hearing concerning the ultimate disposition of a child"). Appellant had made a colorable argument that he had completed the court-ordered requirements because he asserted that he had resolved the criminal charges pending against him and he submitted a psychological evaluation, a substance abuse evaluation, a certification of completion of a 52-week domestic violence class, and a letter from his neurologist. Thus, the district court abused its discretion in denying appellant's request for

the review hearing without considering whether he had completed the court-ordered requirements.

Appellant's custodial rights have now been suspended for over five years, and thus, if the district court determines that appellant has completed the court-ordered requirements and that his custodial rights should be reestablished, the court must then determine what custodial arrangement will currently serve the children's best interest. Therefore, we reverse the May 9, 2013, order and remand for the district court to hold the review hearing contemplated by the January 2010 order and determine what custodial arrangement is in the children's best interest.[1]

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[1] In regard to the January 2010 order, appellant contends that the district court abused its discretion by modifying custody when no custody modification motion was pending, without first holding an evidentiary hearing, and without explicitly considering the children's best interests. We note that appellant did not challenge the January 2010 order until he had substantially complied with it, he never filed a petition for extraordinary writ relief with this court, and more than five years has passed since that order was entered. Moreover, because the January 2010 order merely suspended rather than modified appellant's custodial rights and because we are now remanding for the district court to hold the review hearing, we find it unnecessary to address appellant's arguments regarding the January 2010 order.

To the extent appellant's additional arguments are not addressed in this order, we conclude they lack merit.

cc: Second Judicial District Court, Department 14
Anderson Keuscher, PLLC
Marquis Aurbach Coffing
Washoe District Court Clerk