135 Nev., Advance Opinion 31

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON AND ESTATE OF CARMEN GOMEZ WITTLER, AN ADULT. | No. 76948 |
| CARMEN GOMEZ WITTLER, Appellant, vs. ERIC WITTLER, Respondent. | **FILED** AUG 0 1 2019 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

Jurisdictional prescreening of an appeal from a district court order extending a temporary guardianship and denying a motion to dismiss. First Judicial District Court, Carson City; James E. Wilson, Judge.

*Appeal dismissed.*

Washoe Legal Services and Jennifer M. Richards, Reno, for Appellant.

Allison MacKenzie, Ltd., and Joel W. Locke, Carson City, for Respondent.

BEFORE PICKERING, PARRAGUIRRE and CADISH, JJ.

*OPINION*

PER CURIAM:

Appellant appeals from a district court order extending a temporary guardianship and denying a motion to dismiss. We conclude that such an order is not independently appealable and thus dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

On May 4, 2018, respondent Eric Wittler filed a verified petition for the appointment of a temporary and permanent guardian of the person and estate of his mother, appellant Carmen Gomez Wittler. Five days after the petition was filed, the district court entered an order appointing a temporary guardian, issuing letters of temporary guardianship, and setting a hearing regarding an extension of the temporary guardianship. On May 30, 2018, the district court entered an order extending the temporary guardianship and setting a hearing. The district court conducted the hearing and, on August 22, 2018, entered an order extending the temporary guardianship and denying a motion to dismiss the action for lack of jurisdiction. The order set a new hearing date of September 11, 2018, to determine permanent guardianship. Carmen appeals from the August 22, 2018, order.

This court's initial review of the docketing statement and other documents before us revealed a potential defect—it appeared the challenged order was not substantively appealable because it was merely temporary and did not finally decide the guardianship question. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, we ordered Carmen to show cause why this appeal should not be dismissed for lack of jurisdiction. Carmen has now filed a response, and Eric has filed a reply.

## DISCUSSION

Carmen first contends that the order is appealable as a final judgment under NRAP 3A(b)(1) because temporary guardianship

proceedings are distinct from plenary guardianships.[1] However, the initial petition filed in this matter sought both a temporary and a permanent guardianship. The challenged district court order does not finally resolve the request for a permanent guardianship. Thus, the order does not resolve all issues before the court and is not a final judgment for purposes of NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment as "one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs" (internal quotation marks and citation omitted)).

Next, Carmen asserts that the order is appealable as the functional equivalent of a preliminary injunction. *See* NRAP 3A(b)(3) (allowing an appeal from an order granting or refusing to grant an injunction). While there may be some similarities between a preliminary injunction and a temporary guardianship order, this court has consistently concluded that temporary orders subject to periodic review are not appealable. *See, e.g., Sicor, Inc. v. Sacks*, 127 Nev. 896, 900, 266 P.3d 618, 620 (2011) ("[W]e routinely dismiss appeals from interim custody orders that contemplate further district court proceedings before entry of a final custody order."); *In re Temporary Custody of Five Minors*, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989) ("[O]rders granting petitions for temporary custody pursuant to NRS Chapter 432B are not substantively appealable."). The statutory framework regarding temporary guardianships contemplates periodic review of those guardianships. For example, the initial appointment of a temporary guardian lasts no more than 10 days; the court

---

[1]This contention seems to rely on the implied assertion that the challenged order finally resolves the petition for temporary guardianship.

may extend the temporary guardianship only after a hearing to determine if specific criteria have been met. NRS 159.0523(5). The temporary guardianship may be extended upon a showing of good cause for no longer than two successive 60-day periods, or for no longer than 5 months upon a showing of extraordinary circumstances. NRS 159.0523(8).

Carmen asserts that temporary guardianship orders are not subject to periodic review and modification because they contain an automatic sunset date. The order challenged in this appeal does not contain an automatic sunset date. Moreover, as described above, temporary guardianship orders are of short duration and may be extended only upon review by the district court. Like temporary custody orders, temporary guardianship orders are unsuitable for appellate review. *See In re Five Minors*, 105 Nev. at 443, 777 P.2d at 902 ("[P]eriodic review by the district courts of orders placing minor children in temporary protective custody renders the appellate process unsuitable for the review of such orders by this court.").

Carmen next contends that the temporary guardianship order is appealable under NRS 159.375(1). NRS 159.375(1) allows appeals from orders granting or revoking letters of guardianship. The order challenged in this appeal, however, does not grant or revoke letters of guardianship.[2] We decline to conclude that the order is appealable under NRS 159.375(1) because it impliedly reauthorizes the previously issued letters of temporary guardianship. *See Yonker Const., Inc. v. Hulme*, 126 Nev. 590, 591, 248 P.3d

---

[2]NRS 159.375(1) does not expressly authorize appeals from letters of temporary guardianship, and in any case, no appeal was taken from the May 9, 2018, order issuing letters of temporary guardianship in this case.

313, 314 (2010) (statutes authorizing appeals from specified interlocutory orders are narrowly construed).

To the extent Carmen asserts that we should consider this appeal because it presents important issues implicating public policy, we are unable to do so. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Further, we deny Carmen's request to treat the appeal as a writ of prohibition or mandamus. Carmen may file an original petition for a writ under NRAP 21 if deemed warranted.

Accordingly, as Carmen fails to demonstrate that this court has jurisdiction, *see Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) (the burden lies with appellant to demonstrate that this court has jurisdiction), this appeal is dismissed. Given this dismissal, we need not consider whether the appeal was rendered moot by entry of a later order granting a general guardianship over the person and estate.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A